## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL ESTRADA, individually and on behalf of others similarly situated,** | |
| **PLAINTIFF,** | **CIVIL ACTION NO._____** |
| **v.** | **JURY TRIAL DEMANDED** |
| **MAGUIRE INSURANCE AGENCY, INC.,** | |
| **DEFENDANT.** | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Michael Estrada, individually and on behalf of all others similarly situated (hereinafter "Plaintiff Class" or "Class"), by and through his attorneys of record, hereby files the following Complaint and Jury Demand  ("Complaint") and alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff seeks unpaid overtime wages under the Fair Labor Standards Act ("FLSA").  It is well-established law that low level claims examiners like Plaintiff and similarly situated employees, who do not engage in negotiations, are nonexempt employees under the FLSA.

2.      Plaintiff, and similarly situated employees work for Defendant as Claims Examiners in the fast track auto department ("Claims Examiners")[1].

---

[1] All references to "Claims Examiners" are limited to the description in paragraph 2 of Plaintiff's petition.  Plaintiff does not include or refer to any other types of claims

3.      Claims Examiners handle automobile property damage claims that are processed in a routine manner.  Claims Examiners are closely managed by their supervisors, do not handle personal injury claims, perform no negotiations, and have no specialized training.   Claims Examiners do not have independent settlement authority over $10,000.  Generally, Claims Examiners receive a claim, refer the claim damage to an independent appraiser, and then cut checks to the insured in the amount of the independent appraisal.

4.      Claims Examiners routinely work in excess of forty hours per week without receiving overtime compensation.   Claims Examiners are categorically nonexempt.  However, Defendant failed to pay Claims Examiners overtime when they worked over forty hours.   For these reasons, Plaintiff seeks, on behalf of himself and those similarly situated, unpaid overtime wages, liquidated damages, attorney fees, and all other relief permitted.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq.*  Venue is proper because the parties have diversity jurisdiction and the Defendant is subject to personal jurisdiction in Pennsylvania.

---

examiners, including but not limited to claims examiners who handle personal injury claims and/or work outside of the fast track auto department.

---

## PARTIES

6.     Defendant, Maguire Insurance Agency, Inc. ("Maguire") is an insurance underwriting company incorporated in the State of Pennsylvania. Maguire is headquartered in and has its principal place of business in Bala Cywyd, Pennsylvania.

7.     At all relevant times herein, Defendant was:

a.     Licensed to do business and is doing business in the City, Counties, and State of Pennsylvania;

b.     The "employer" within the meaning of FLSA, 29 U.S.C. § 203(d);

c.     "Engaged" in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1); and

d.     Responsible for misclassifying Claims Examiners as "exempt" employees and erroneously denying them overtime compensation.

8.     Plaintiff, Michael Estrada ("Estrada"), has at all relevant times been a resident of the State of Texas and an employee of Defendant.  Between June 9, 2008 and current, Mr. Estrada was employed by Defendant as a Claims Examiner in Defendant's Addison, Texas office.  Mr. Estrada worked hours in excess of forty per week, without receiving overtime compensation as required by federal law.

9.     Estrada sues on his own behalf and on behalf of other Claims Examiners pursuant to 29 U.S.C. § 216(b).   Plaintiff and similarly situated employees are individuals who (1) were, or are, Claims Examiners in the fast track

auto department for Defendant within three years of this suit, (2) worked hours in excess of forty hours per week, and (3) were not paid overtime compensation as required by federal law.

## NATURE OF THE ACTION

10.    This action is brought to recover unpaid wages to Plaintiff and all other similarly situated current and former Claims Examiners of Defendant.

11.    Defendant's practices violate the FLSA, 29 U.S.C. §§201 et seq. Plaintiffs seek injunctive and declaratory relief, compensation and credit for all uncompensated work required, suffered, or permitted by Defendant, liquidated and/or other damages, penalties and interest as permitted by applicable law, and attorneys' fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

12.    Plaintiff brings this claim for relief for violations of the FLSA as a nationwide collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons who were, are, or will be employed by Defendant as Claims Examiners throughout the United States, at any time during the applicable statute of limitations period, who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per work week.  These FLSA claims do not include any claims for unpaid overtime arising out of any periods of employment in any position other than as Claims Examiner.

13.     Issues of law and fact common to the Plaintiff Class as a whole include, but are not limited to, the following:

a.      Defendant unlawfully failed and continues to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. §201 *et seq.;*

b.      Plaintiff and members of the Class are non-exempt from the entitlement to overtime compensation for overtime hours worked under the overtime pay requirements of the FLSA:

c.      Defendant's policies and practices of classifying Plaintiff and members of the Class as exempt from overtime entitlement under the FLSA and failing to pay overtime to Claims Examiners violate applicable provisions of the FLSA;

d.      Defendant's failure to pay overtime to Plaintiff and members of the Class was willful within the meaning of the FLSA;

e.      Defendant failed and continues to fail to maintain accurate records of actual time worked by Plaintiff and members of the Class;

f.      Defendant failed and continues to fail to record or report all actual time worked by Plaintiff and members of the Class; and

g.      Defendant failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by Plaintiff and members of the Class.

14.   This claim for relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to §16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by the Plaintiff on behalf of members of the Class, because the claims of the Plaintiff are similar to the claims of the members of the prospective nationwide Plaintiff Class.

15.   Plaintiff, and members of the Class, are similarly situated, have substantially similar job requirements, pay provisions, and are subject to Defendant's common practice, policy, or plan of refusing to pay overtime in violation of the FLSA and unlawfully characterizing Plaintiff and members of the Class as exempt employees.

16.   The named Plaintiff's claims are typical of the members of the Class. Plaintiff, like other members of the Class of Claims Examiners working for Defendant, were subject to Defendant's policy and practice of refusing to pay overtime wages in violation of Federal law.  Plaintiff's job duties and claims were and are typical of those of other class members who worked for Defendant as Claims Examiners in the fast track auto department and are as follows:

  a.   Claims Examiners process the intake of automobile claims involving minor collisions, parking lot accidents, vandalism, and comprehensive automobile damage from bad weather.

  b.   Claims Examiners do not handle any personal injury claims and handle only minor, quickly resolvable, automobile damage claims.

c.  Claims Examiners handle both "first party claims" which involve only the insured and "third party claims" which involve minor collisions with another vehicle and driver or the property of another individual.

d.  Claims Examiners use a computer program called "Image Right" that reduces claims examining to clerical data entry.

e.  Claims Examiners also use another computer program called "Apps" that simplifies the coverage review process for any damaged vehicle.

f.  Claims Examiners determine liability by using the "Apps" program.  Claims Examiners contact the insured driver or other driver, if any, to determine liability.  Usually, the wrongdoer admits to liability right away.  However, if there are conflicting statements and no police reports or independent witnesses, then Claims Examiners must contact their supervisors who make the final determination of liability.

g.  Claims Examiners assign an independent appraiser.  The independent appraiser reviews the vehicle damage and performs an evaluation and final estimate for the repairs.  Claims Examiners simply input the appraiser's estimate and have the authority to approve any estimate that is within $10,000.

h.   If the appraiser's estimate is more than $10,000, Claims Examiners must receive approval and authority from a supervisor who will review the claim and specifically instruct the Claims Examiner on how to close the file.

i.   Once Claims Examiners issue payment, the file is automatically closed.

j.   Claims Examiners do not perform any negotiations or damage appraisals.  If a matter becomes complex and falls outside of routine procedure then Claims Examiner must consult their supervisor for further commentary, direction, and instruction.

17.   Plaintiff will fairly and adequately represent and protect the interest of the members of the Class.  Plaintiff has retained counsel competent and experienced in complex class actions, FLSA, and state labor, wage and hour and employment law litigation.

## FIRST COUNT
### (Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*)

18.   Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

19.   Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant has employed, and continues to employ, "employee[s]," including Plaintiff and each of

the members of the class.  At all relevant times, Defendant has had gross operating revenues in excess of $500,000.

20.      Plaintiff has signed a consent to sue in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).  Plaintiff's consent is attached as an exhibit to this complaint.  Additional class members will join this action as plaintiffs in the future.

21.      Defendant is required to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

22.      Plaintiff and members of the Class are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA.  Plaintiff and members of the Class are entitled to be paid overtime compensation for all overtime hours worked.

23.      Defendant, at all relevant times, had a policy and practice of failing and refusing to pay overtime pay to its Claims Examiners for their hours worked in excess of forty hours per week.

24.      As a result of Defendant's failure to compensate its Claims Examiners, including the Plaintiff and members of the Class, at a rate of less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §207(a)(1), and § 215(a).

25.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

26.     Plaintiff, on behalf of himself and members of the class, seeks damages in the amount of their respective unpaid overtime compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

27.     Plaintiff, on behalf of himself and members of the Class, seeks recovery of their attorney's fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

28.     Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

**WHEREFORE**, Plaintiff on behalf of himself and all employees similarly situated who join in this action pray for relief:

a.     Issuance of notice as soon as possible to all Claims Examiners who were employed by Defendant during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid minimum wage for hours worked as agents during any portion of the statutory period or if they worked hours in excess of forty (40) in

any week during the statutory period, but were not paid overtime compensation;

b.  Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

c.  Judgment against Defendant for an amount equal to Plaintiffs' minimum wages at the applicable minimum wage;

d.  Judgment against Defendant that their violations of the FLSA were willful;

e.  An equal amount to the overtime damages as liquidated damages;

f.  To the extent that liquidated damages are not awarded, an award of prejudgment interest;

g.  All costs and attorney's fees incurred prosecuting these claims;

h.  Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

i.  For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff Michael Estrada, on behalf of himself and all employees similarly situated who join in this action, hereby demands trial by jury as to all issues so triable.

Respectfully submitted,

DATED:  February 3, 2012

/s/ James A. Bell, IV
James A. Bell IV, Esquire
PA Attorney I.D.# 81724
Bell & Bell LLP
1617 JFK Blvd. – Suite 1020
Philadelphia, PA 19103
Telephone: (215) 569-2500
Facsimile: (215) 569-2220
jamesbell@bellandbelllaw.com

Robert J. Wiley, Esquire
Texas Bar No. 24013750
*Board Certified in Labor and Employment Law Texas Board of Legal Specialization*
(awaiting admission *pro hac vice*)
Caitlin Connors, Esquire
Texas Bar No. 24064124
(awaiting admission *pro hac vice*)
Stacey Cho, Esquire
Texas Bar No. 24063953
(awaiting admission *pro hac vice*)
ROB WILEY, P.C.
1825 Market Center Blvd., Ste. 385
Dallas, Texas 75207
Telephone: (214) 528-6500
Facsimile:  (214) 528-6511
rwiley@robwiley.com
cconnors@robwiley.com
scho@robwiley.com

Attorneys for Plaintiffs