UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MICHAEL ESTRADA, individually and on behalf of     :    12-cv-00604 (MSG)
others similarly situated,      :

                                           :    **ECF Case**

                     Plaintiff,        :

                                           :    **ANSWER**

     -against-                     :

                                           :

MAGUIRE INSURANCE AGENCY, INC.,       :

                                           :

                  Defendant.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       Defendant Maguire Insurance Agency, Inc. ("Defendant" or "Maguire"), by and through its attorneys, Proskauer Rose LLP, states as follows for its answer to the Complaint ("Complaint") filed by Plaintiff Michael Estrada ("Plaintiff" or "Estrada").

**AS TO THE PRELMINARY STATEMENT**

       1.      Denies the allegations set forth in paragraph 1 of the Complaint, except admits that in this action Plaintiff seeks "unpaid overtime wages under the Fair Labor Standards Act ("FLSA")" and denies that Plaintiff is entitled to any relief.

       2.      Denies the allegations set forth in paragraph 2 of the Complaint, except avers that Plaintiff worked for Defendant as a Claims Examiner in the Fast Track Auto Department in Defendant's Addison, Texas office.

       3.      Denies the allegations set forth in paragraph 3 of the Complaint, except admits that Claims Examiners in the Fast Track Auto Department in Defendant's Addison, Texas office do not handle personal injury claims, avers that Claims Examiners have discretion to use independent appraisers, on occasion, to assess physical damage, and further avers that Claims Examiners do not have independent settlement authority in excess of $10,000, but do, from time to time, settle claims in excess of $10,000 after conferring with their supervisor.

4.      Denies the allegations set forth in paragraph 4 of the Complaint, except admits that Plaintiff seeks allegedly "unpaid overtime wages, liquidated damages, attorney fees, and all other relief permitted."

**AS TO JURISDICTION AND VENUE**

5.      Denies the allegations set forth in paragraph 5 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to the jurisdictional section referenced therein, and admits that Plaintiff alleges that "venue is proper because the parties have diversity jurisdiction and the Defendant is subject to personal jurisdiction in Pennsylvania."

**AS TO THE PARTIES**

6.      Denies the allegations set forth in paragraph 6 of the Complaint, except avers that Defendant is the underwriting manager for Philadelphia Indemnity Insurance Company and Philadelphia Insurance Company, and is incorporated in Pennsylvania with its headquarters and principal place of business in Bala Cynwyd, Pennsylvania.

7. (a-d) Admits that Defendant is licensed to do business and is doing business in Pennsylvania, and denies that Defendant has misclassified Claims Examiners as "exempt" from overtime.  The remainder of the allegations set forth in paragraph 7 (a-d), inclusive, of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant admits that it is engaged in commerce and that it employs certain employees.

8.      Denies the allegations set forth in paragraph 8 of the Complaint, except avers that between June 9, 2008 and December 23, 2011, Plaintiff was employed by Defendant as a Claims Examiner in the Fast Track Auto Department in its Addison, Texas office, and admits, based

2

upon information provided by Plaintiff during the course of his employment, that at all relevant times he has been a resident of the State of Texas.

9.      Denies the allegations set forth in paragraph 9 of the Complaint, except admits that Plaintiff purports to bring this action on behalf of himself and allegedly similarly situated Claims Examiners in Defendant's fast track auto department within three years of the lawsuit who worked more than forty hours per week and were not paid overtime compensation.

## AS TO THE NATURE OF THE ACTION

10.      Denies the allegations set forth in paragraph 10 of the Complaint, except admits that Plaintiff purports to bring this action on behalf of himself and allegedly similarly situated Claims Examiners in Defendant's fast track auto department.

11.      Denies the allegations set forth in paragraph 11 of the Complaint, except admits that Plaintiff seeks the relief set forth therein, and denies that Plaintiff is entitled to any relief.

## AS TO THE COLLECTIVE ACTION ALLEGATIONS

12.      Denies the allegations set forth in paragraph 12 of the Complaint, except admits that Plaintiff purports to bring this action as a nationwide collective action under the FLSA on behalf of Claims Examiners (as defined in paragraph 2 of the Complaint), and admits that the FLSA claims do not include any claims for unpaid overtime arising out of any periods of employment in any position other than as Claims Examiners (as defined in paragraph 2 of the Complaint).

13 (a-g). Denies the allegations set forth in paragraph 13 (a-g), inclusive, of the Complaint.

14.      Denies the allegations set forth in paragraph 14 of the Complaint.

15.      Denies the allegations set forth in paragraph 15 of the Complaint.

16 (a-j). Denies the allegations set forth in paragraph 16 (a-j), inclusive, of the Complaint.

17.     Denies the allegation set forth in paragraph 17 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's counsel.

### AND AS TO THE FIRST COUNT
### (Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*)

18.     Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

19.     The allegations set forth in Paragraph 19 of the Complaint are legal conclusions, and therefore no response is required.  To the extent a response is required, admits that Defendant is engaged in interstate "commerce," previously employed Plaintiff, has employed and continues to employ other Claims Examiners (as defined in paragraph 2 of the Complaint), and has gross operating revenues in excess of $500,000.

20.     Denies the allegations set forth in paragraph 20 of the Complaint, except admits that Plaintiff has signed a consent to sue, which was attached as an exhibit to the Complaint.

21.     The allegations set forth in paragraph 21 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent any response is required, Defendant admits that employees who are not exempt from overtime under the FLSA are entitled, under the FLSA, to overtime pay at a rate of one and one-half the regular rate of pay for hours worked in excess of forty hours in a workweek.

22.     Denies the allegations set forth in paragraph 22 of the Complaint.

23.     Denies the allegations set forth in paragraph 23 of the Complaint.

24.     Denies the allegations set forth in paragraph 24 of the Complaint.

25.     Denies the allegations set forth in paragraph 25 of the Complaint.

26.     Denies the allegations set forth in paragraph 26 of the Complaint, except admits that Plaintiff seeks the relief therein and denies that Plaintiff and/or the purported members of the collective action are entitled to any relief.

27.     Admits that Plaintiff seeks to recover attorneys' fees and costs, and denies that Plaintiff and/or the purported members of the collective action are entitled to any relief.

## AND AS TO PLAINTIFF'S PRAYER FOR RELIEF

28.     Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

29.     Denies the allegations set forth in the WHEREFORE clause of the Complaint (inclusive of subparagraphs a through i), and further denies that Plaintiff and/or the purported members of the collective action are entitled to any of the relief demanded therein or any relief whatsoever.

## AND AS TO PLAINTIFF'S JURY DEMA ND

30.     Admits that Plaintiff, on behalf of himself and similarly situated individuals, has demanded a jury trial on all issues so triable.

31.     Denies each and every allegation in the Complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

32.     The Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which the damages sought can be awarded.

## SECOND AFFIRMATIVE DEFENSE

33.     Subject to proof through discovery, some or all of Plaintiff's and/or the putative

collective action members' claims are barred, in whole or in part, by the applicable statute(s) of

limitations.

## THIRD AFFIRMATIVE DEFENSE

34.     If Defendant is found to have failed to pay Plaintiff or any purported member of

the collection action as alleged in the Complaint any amount due, which Defendant denies,

Defendant acted at all times on the basis of a good faith and reasonable belief that its actions

were in compliance and conformity with applicable federal law and/or written administrative

regulations, orders, rulings, guidance and/or interpretations, and therefore Defendant's actions

were not willful or in reckless disregard of the Fair Labor Standards Act.  Accordingly, Plaintiff

and/or any putative collective action members are not entitled to liquidated damages under the

FLSA, and the FLSA's two-year statute of limitations should apply.

## FOURTH AFFIRMATIVE DEFENSE

35.     Plaintiff's and/or the putative collective action members' claims are barred, in

whole or in part, because at all relevant times, they were exempt from any entitlement to

overtime compensation and other rights and benefits identified in the Complaint based on the

FLSA's administrative exemption.

## FIFTH AFFIRMATIVE DEFENSE

36.     Subject to proof through discovery, Plaintiff's claims and those of putative

members of the collective action, are barred by the doctrines of laches, unclean hands, waiver

and/or estoppel.

6

## SIXTH AFFIRMATIVE DEFENSE

37.     If Defendant is found to have failed to pay Plaintiff or any putative member of the collective action any amount due, which Defendant denies, Defendant is entitled under the equitable doctrine(s) of setoff and recoupment to offset overpayments to Plaintiff or any putative member of the collective action against any judgment.

## SEVENTH AFFIRMATIVE DEFENSE

38.     Plaintiff and all putative members of the collective action have received full payment for all work performed, thereby barring their claims by, among other things, the doctrines of release and payment.

## RESERVATION OF RIGHTS

39.     Defendant reserves the right to amend this Answer and to assert additional defenses and/or supplement, alter, or change its Answer and Affirmative Defenses upon completion of appropriate investigation and discovery.


**WHEREFORE**, Defendant respectfully requests that this Court: (a) dismiss the Complaint in its entirety, with prejudice; (b) deny each and every request for relief set forth in the Complaint; (c) award Defendant its reasonably attorneys' fees and legal expenses; (d) award Defendant its costs and disbursements incurred in defense of this action; and (e) award Defendant any other relief the Court deems just and proper.

Dated:  New York, New York
        April 20, 2012

PROSKAUER ROSE LLP

/s/ Joshua F. Alloy

Elise M. Bloom, admitted *pro hac vice*
Joshua F. Alloy, admitted *pro hac vice*
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3000
Fax: (212) 969-2900
ebloom@proskauer.com
jalloy@proskauer.com

Amanda D. Haverstick
Attorney ID 85069
One Newark Center
Newark, NJ 07102
Tel: (973) 274-3200
Fax: (973) 274-3299
ahaverstick@proskauer.com

*Attorneys for Defendant*