IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ESTRADA, individually and on behalf of others similarly situated,<br><br>PLAINTIFF,<br><br>v.<br><br>MAGUIRE INSURANCE AGENCY, INC.,<br><br>DEFENDANT. | CIVIL ACTION NO. 12-604<br><br>JURY TRIAL DEMANDED |

# MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE AND BRIEF IN SUPPORT

Robert J. Wiley
Texas Bar No. 24013750
*Board Certified in Labor and Employment Law*
*by the Texas Board of Legal Specialization*
Caitlin S. Connors
Texas Bar No. 24064124
Stacey Cho
Texas Bar No. 24063953

ROB WILEY, P.C.
1825 Market Center Blvd., Suite 385
Dallas, Texas 75207
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
cconnors@robwiley.com
ATTORNEYS FOR PLAINTIFFS

# TABLE OF CONTENTS

| | Page |
|---|---|
| Table of Contents | i |
| Table of Authorities | ii |
| I. Evidence Submitted | 2 |
| II. Statement of Facts | 2 |
| A. The Parties | 2 |
| B. Plaintiffs worked overtime hours performing the same job duties | 3 |
| C. Plaintiffs were paid in the same manner | 5 |
| III. Argument | 5 |
| A. This Court should conditionally certify this action following the two-step approach | 6 |
| B. Plaintiffs and potential Opt-in Plaintiffs are "Similarly Situated" for purposes of conditional certification | 8 |
| C. Plaintiffs' case is appropriate for judicial notice | 9 |
| 1. The running of the statute of limitations | 10 |
| 2. Promotion of judicial economies | 10 |
| 3. Notice will ensure only those similarly situated join | 11 |
| D. Plaintiffs' notice is accurate and informative | 11 |
| IV. Conclusion | 12 |

# TABLE OF AUTHORITIES

**CASES** **PAGE**

*Bankston v. Illinois*,
60 F.3d 1249 (7th Cir. 1995) .......... 11

*De Asenscio v. Tyson Foods, Inc.*,
130 F.Supp.2d 660 (E.D.Pa. 2001).......... 7

*Fowler v. Land Mgmt. Groupe*,
978 F.2d 158 (4th Cir. 1992) .......... 11

*Garner v. G.D. Searle Pharm.*,
802 F.Supp. 418 (M.D. Ala. 1991) .......... 6

*Hipp v. Liberty Nat'l Life Ins. Co.*,
252 F.3d 1208 (11th Cir. 2001) .......... 6

*Hoffman-La Roche, Inc. v. Sperling*,
493 U.S. 165 (1989) .......... 6, 9-11

*McLaughlin v. Richland Shoe Co.*,
486 U.S. 128 (1988) .......... 11

*Mooney v. Aramco Services Co.*,
54 F.3d 1207 (5th Cir. 1995) .......... 7

*Moss v. Crawford & Co.*,
201 F.R.D. 398 (W.D.Pa. 2000).......... 7

*Parker v. Nutrisystem, Inc.*,
2008 WL 4399023 (E.D.Pa. Sept 26, 2008).......... 7

*Pontius v. Delta Financial Corp.*,
2005 WL 6013189 (W.D.Pa. Jun 24, 2005).......... 7

*Redman v. U.S. West Business Resources, Inc.*,
153 F.3d 691 (8th Cir. 1998) .......... 10

*Schewd v. Gen. Elec. Co.*,
159 F.R.D. 373 (N.D.N.Y. 1995).......... 10

*Scott v. Bimbo Bakeries, USA, Inc.*,
2012 WL 645905, (E.D.Pa Feb 29, 2012) (Goldberg, J.) .................................. 5, 7-8

*Smith v. Sovereign Bancorp, Inc.*
2003 WL 22701017 (E.D.Pa. Nov 13, 2003)............................................ 7

*Symczyk v. Genesis HealthCare Corp.*,
656 F.3d 189 (3rd Cir. 2011)............................................................ 6, 7

**STATUTES** **PAGE**

29 U.S.C. § 216(b) .......................................................................... 1, 5, 6, 9

29 U.S.C. § 255(a) .......................................................................... 11

F.R.C.P. 23 ................................................................................. 5, 6, 10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ESTRADA, individually and on behalf of others similarly situated,<br>PLAINTIFF,<br>v.<br>MAGUIRE INSURANCE AGENCY, INC.,<br>DEFENDANT. | CIVIL ACTION NO. 12-604<br>JURY TRIAL DEMANDED |

## MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE AND BRIEF IN SUPPORT

Plaintiff, Michael Estrada, individually and on behalf of all others similarly situated (hereinafter "Plaintiff Class" or "Class"), by and through his attorneys of record, hereby files the following Brief in Support of Motion for Conditional Class Certification and shows the following.

## SUMMARY

Plaintiff brought this action pursuant to the Fair Labor Standards Act ("FLSA") to recover minimum wage and overtime compensation unlawfully withheld from him and others similarly situated during their employment as Fast Track Claims Examiners ("Examiners"). Plaintiff, through this Motion, requests permission to proceed collectively pursuant to Section 216(b) of the FLSA. Plaintiff also seeks to provide judicial notice of this lawsuit to all of Defendant's Examiners who have not yet joined the action. This motion should be granted because the


MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE AND BRIEF IN SUPPORT – Page 1

members of the proposed class meet the applicable standard of being "similarly situated."[1]

I.
EVIDENCE SUBMITTED

In support of this motion, Plaintiffs submit the following evidence as exhibits:

1. Declaration of Michael Estrada ("Decl.");

2. Website, History ("Website");

3. Proposed Notice.

II.
STATEMENT OF FACTS

A. THE PARTIES

On February 3, 2012, the named Plaintiff filed this action under the FLSA on behalf of himself and other Examiners who worked for Defendants without receiving overtime compensation for hours worked above forty hours in a workweek.

Defendant is an insurance marketing company licensed in all fifty states. (Website).

The named Plaintiff and the similarly situated employees are all Examiners and former Examiners of Maguire Insurance Agency, Inc. in the Fast Track Claims Department. (Decl. ¶2.) All Examiners had nearly identical job duties. *Id.* Examiners are non-exempt employees under the FLSA.

[1] Plaintiff asks that the Court promptly grant this Motion because the statute of limitations for potential opt-in


MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE AND BRIEF IN SUPPORT – Page 2

B. PLAINTIFFS WORKED OVERTIME PERFORMING THE SAME JOB DUTIES.

Plaintiffs were all employed by Defendant and performed nearly identical tasks. *Id.* The Named Plaintiff and other similarly situated individuals' work comprised of the following nearly identical job duties.

Plaintiff worked on "fast track" claims. *Id.* As a "fast track" Examiner, Plaintiff processed low level auto claims. (Decl. ¶4.) The Plaintiff processed the intake of automobile claims involving minor collisions, parking lot accidents, vandalism, and comprehensive damage from bad weather. (Decl. ¶4a.) The other "fast track" Examiners also processed these types of minor, quickly resolvable claims. *Id.* Plaintiff did not handle any personal injury claims; his claims were limited to noncomplex property damage. *Id.* The other "fast track" Examiners also were limited to noncomplex claims. *Id.* Plaintiff and other "fast track" Examiners only handled straightforward claims such as "first party claims" and minor collisions. *Id.*

Plaintiff and "fast track" Examiners used the same computer software, to perform their jobs. (*see generally* Decl. ¶4) These programs contain all of the claim files and mail, assign new claim files, and upload all scanned images for each claim file. (Decl. ¶4b.) These programs, reduce the claims examining to clerical data entry. *Id.*

Upon receiving a new claim, Plaintiff would perform a "coverage review" to see if the damaged vehicle is covered under the insurance policy. (Decl. ¶4c.) Plaintiff used computer programs that told him what to do. *Id.* All of the


MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE AND BRIEF IN SUPPORT – Page 3

Examiners similarly conduct coverage review with the programs that tell them what to do. *Id.* This review is done with the programs, simple telephone calls, or documents. *Id.* If the coverage review becomes complex, Examiners contact their supervisor. *Id.*

Once the Plaintiff and other Examiners determine coverage, the independent appraiser is assigned. (Decl. ¶4d) The independent appraiser evaluates damages and repairs. *Id.* The Examiners simply input the appraiser's estimates. *Id.* Examiners do not make independent determinations regarding liability, instead if there are conflicting statements, the supervisor will make a determination on liability. (Decl. ¶4e.) Plaintiff and Examiners then have authority to approve payments of anything within $10,000. (Decl. ¶4f.) If the payment is more than $10,000, then Plaintiff and other Examiners must get approval and authority from their supervisor. *Id.* The supervisor will review the claim and provide instructions for how to close the claim. *Id.* Once payment is issued, the file is automatically closed. (Decl. ¶4g.)

Plaintiff and other Examiners do not handle any personal injury claims. (Decl. ¶5.) Additionally, Plaintiff and other Examiners do not determine damages or engage in any negotiations. (Decl. ¶8.) All of the claims that Plaintiff and Examiners handle are completely monitored by their supervisors. (Decl. ¶8-9.) Plaintiff and other Examiners have no authority to handle disputes independently and must receive direction and authority from their supervisors to resolve any disputes. (Decl. ¶10.) The work is formulaic and routine because of the


MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE AND BRIEF IN SUPPORT – Page 4

standardized process and the computer system. (Decl. ¶6.) Plaintiff and other Examiners have no independent authority to commit the Defendant to claims worth more than $10,000. (Decl. ¶10.) If the amount is over $10,000, Plaintiff and other Examiners must receive instruction from their supervisors. *Id.* Plaintiff and other Examiners have no role in litigation related to automobile claims. (Decl. ¶11.)

C. PLAINTIFFS WERE PAID IN THE SAME MANNER.

Plaintiffs were not compensated for overtime hours worked. (Decl. ¶3.) Plaintiffs worked in excess of forty hours per week, but were not paid overtime for such excess hours. *Id.*

III.
ARGUMENT

This Court recently considered the applicable standard for FLSA class certification in *Scott v. Bimbo Bakeries, USA, Inc.*, 2012 WL 645905, *6 (E.D.Pa Feb 29, 2012) (Goldberg, J.). This Court correctly held that plaintiffs must make a "modest factual showing" that the potential class members are similarly situated. *Id.* There is simply no reason why class certification should not be granted without delay in the case at hand.

Plaintiffs seek conditional class certification and judicial notice in this collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all Examiners.[2] Section 216(b) provides for "similarly situated" employees to proceed

[2] Section 216(b) collective actions differ from Rule 23 of the Federal Rules of Civil Procedure class actions in that, under section 216(b), a person who wishes to join the collective action must affirmatively "opt-in" by filing written consent with the court. Under Rule 23, however, a person must affirmatively "opt-out" if he or she


MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE AND BRIEF

collectively in pursuit of wages unlawfully withheld. In such cases, the District Court has discretionary power to authorize judicial notice to potential class members to inform them of the action and give them an opportunity to participate by opting in. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989).[3]

In *Hoffman-La Roche*, the Supreme Court identified the main benefits of a collective action under section 216(b): "A collective action allows. . . Plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged. . . activity." *Id.* at 170. Ultimately the purpose of judicial notice is to give employees accurate and timely notice concerning the pendency of the collective action so they can make an informed decision about whether to participate. *Id.*

A. THIS COURT SHOULD CONDITIONALLY CERTIFY THIS ACTION FOLLOWING THE TWO-STEP APPROACH.

This Court should follow the two-step approach to determining whether a case should be certified outlined in *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 193 (3rd Cir. 2011):

> In deciding whether a suit brought under §216(b) may move forward as a collective action, courts typically employ a two-tiered analysis. During the initial phase, the court makes a preliminary determination

---

wishes to abstain from the lawsuit. 29 U.S.C. § 216(b); *See also Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001); *Garner v. G.D. Searle Pharm.*, 802 F.Supp. 418, 421 (M.D. Ala. 1991).

[3] The Plaintiff in *Hoffman-La Roche* brought an age discrimination case under the Age Discrimination in Employment Act that incorporates the enforcement provisions of the Fair Labor Standards Act. *Id.* at 67.


MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE AND BRIEF IN SUPPORT – Page 6

> whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff. If the plaintiff carries her burden at this threshold stage, the court will "conditionally certify" the collective action for the purposes of notice and pretrial discovery...After discovery, and with the benefit of "a much thicker record than it had at the notice stage," a court following this approach then makes a conclusive determination as to whether each plaintiff who has opted into the collective action is in fact similarly situated to the named plaintiff.

*Symczyk*, 656 F.3d at 193.

Thus the issue before the Court is whether this case ought be conditionally certified in the first stage of this process. In making this determination, a "modest factual showing" standard is applied. *Id.*; *See also Scott* 2012 WL 645905 at *6. "The modest factual showing test, although not automatic, is nevertheless 'an extremely lenient standard.'" *Parker v. Nutrisystem, Inc.*, 2008 WL 4399023, at *2 (E.D.Pa. Sept. 26, 2008) (citing *Smith v. Sovereign Bancorp, Inc.*, 2003 WL 22701017, at *1 (E.D.Pa. Nov 13, 2003).

Importantly, this determination is made using a fairly lenient standard and typically results in conditional certification of a representative class. *Pontius v. Delta Financial Corp.*, 2005 WL 6013189, *3 (W.D.Pa. Jun 24, 2005) (citing *Moss v. Crawford & Co.*, 201 F.R.D. 398 (W.D.Pa. 2000); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995)). A grant of conditional certification at this stage means that potential class members are given notice of the lawsuit and only become part of the suit should they choose to opt-in. *De Asenscio v. Tyson Foods, Inc.*, 130 F.Supp.2d 660, 662 (E.D.Pa. 2001) (citing *Mooney* at 1214).


MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE AND BRIEF IN SUPPORT – Page 7

The focus is on whether the plaintiffs can make a "'modest factual showing' by 'produc[ing] some evidence 'beyond pure speculation,'' of a factual nexus between the manner in which the employer's alleged policy affected [them] and the manner in which it affected other employees." *Scott*, 2012 WL 645905 at *6.

This case is at the initial stage, and Plaintiff is seeking conditional certification for purposes of discovery and judicial notice. Here, Plaintiff has made the modest factual showing necessary to have the class conditionally certified at the notice stage.

B. PLAINTIFFS AND POTENTIAL OPT-IN PLAINTIFFS ARE "SIMILARLY SITUATED" FOR PURPOSES OF CONDITIONAL CERTIFICATION.

In this case, the named Plaintiff has presented evidence that Examiners are similarly situated to each other for purposes of collective discovery and judicial notice. (*See generally* Estrada Decl.). Plaintiff has accomplished this through filing the attached Declaration. The Declaration makes it clear that all Examiners performed the same tasks. *Id.* These common tasks consisted of: asking standardized questions, entering data into a computer, and approving claims for $10,000 or less. *Id.* In addition, Defendant improperly withheld overtime pay from Examiners. *Id.* As such, Plaintiff has provided, through his detailed declaration, a more than sufficient basis for this Court to conclude that Examiners were similarly situated with respect to their job duties and pay. Consistent with this Court's prior ruling in *Scott*, and the Third Circuit's case law, this Court should grant Plaintiff's Motion.


MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE AND BRIEF IN SUPPORT – Page 8

C. THE CASE IS APPROPRIATE FOR JUDICIAL NOTICE.

The United States Supreme Court gave district courts the authority to manage the process of joining multiple parties, including authority to consider a motion for collective action certification. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). The Supreme Court has held that the benefits to the judicial system of collective actions "depend upon employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-La Roche*, 493 U.S. at 170. In a case brought under § 216(b), a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties because of the potential for abuse of the class action mechanism. *Id.* at 171. District courts "have discretion to intervene by approval and facilitation of the notice process . . . to alleviate the potential misuse of [notice] by misleading communications" and are encouraged to begin their involvement early in the litigation. *Id.* at 171-72.

Short of providing an applicable standard, the Court in *Hoffman-La Roche* established that a court-approved notice to potential plaintiffs in FLSA collective actions is proper in "appropriate cases." *Id.* at 169-70. The Court ruled that determining what is an "appropriate case" lies within the discretion of the district court. *Id.* This case is an "appropriate case" for the Court to approve the sending of a notice for several reasons.


MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE AND BRIEF IN SUPPORT – Page 9

1. THE RUNNING OF THE STATUTE OF LIMITATIONS.

Prompt action is needed here because claims of the potential opt-in Plaintiffs in this case are being extinguished or diminished due to the running of the statute of limitations on their claims. *See Redman v. U.S. West Business Resources, Inc.*, 153 F.3d 691, 695 (8th Cir. 1998). Unlike Rule 23 class actions, the statute of limitations for those who have not filed consent forms is not tolled with the commencement of this action. *Id.* As a result, the statute continues to run on each individual's claim until they file a consent form with the Court. *Id.* The consequence of this difference is self evident: every day that passes is a day of damages each potential opt-in Plaintiff will be unable to recover. Court-facilitated notice will prevent the continued erosion of these claims. *See Schewd v. Gen. Elec. Co.*, 159 F.R.D. 373, 375 (N.D.N.Y. 1995).

2. PROMOTION OF JUDICIAL ECONOMIES.

Judicial notice providing the Examiners an opportunity to pursue their claims in one forum will create the significant judicial economies recognized in *Hoffman-La Roche*. Indeed, by including all the individuals who wish to pursue their claims in one action, the judicial system will benefit by resolution of this case as a collective action at least through the discovery phase, since identical issues of law and fact exist among all Examiners who were not compensated properly for their overtime hours worked. See *Hoffman-La Roche,* 493 U.S. at 170. Such collective adjudication will avoid the proliferation of individual lawsuits that could result in disparate rulings and wasting of judicial and party resources. Requiring


MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE AND BRIEF IN SUPPORT – Page 10

Plaintiffs and opt-ins to file separate cases in multiple Federal district courts would not be an economical use of resources under the circumstances.

3. NOTICE WILL ENSURE ONLY THOSE SIMILARLY SITUATED JOIN.

The carefully drafted Notice proposed by Plaintiffs will be sent to those on the list provided by Defendant,[4] and specifically explains that only those Examiners who were denied overtime pay will join. This will ensure that only those similarly situated will join.

D. PLAINTIFFS' NOTICE IS ACCURATE AND INFORMATIVE.

Plaintiffs' proposed Notice should be approved by the Court. As required, it is "timely, accurate, and informative." *See Hoffman-LaRoche*, 493 U.S. at 172. It is also carefully drafted to mirror notice forms approved in previous cases. In addition, it makes clear that only those who were denied overtime pay during the three year statute[5] are eligible for the case. As such, the proposed notice achieves the ultimate goal of providing employees accurate and timely notice concerning the pendency and scope of the collective action.

---

[4] This list will also be requested in Plaintiffs' discovery requests to Defendants.

[5] In FLSA cases, plaintiffs collect damages within a two-year statute of limitations, but may collect damages incurred within a third year if the jury determines that Defendants' violation of the overtime laws were "willful." 29 U.S.C. § 255(a); *Fowler v. Land Mgmt. Groupe*, 978 F.2d 158, 163 (4th Cir. 1992); *Bankston v. Illinois*, 60 F.3d 1249, 1253 (7th Cir. 1995). A violation of the FLSA is "willful" when the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Plaintiffs allege in their Complaint that Defendants' actions were "willful."


MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE AND BRIEF IN SUPPORT – Page 11

IV.
CONCLUSION

At this notice stage, the evidence far exceeds the lenient standard in showing that the proposed putative class members are "similarly situated" for purposes of collective discovery and judicial notice. As such, Plaintiffs respectfully request that this Court grant their motion for conditional class certification and judicial notice.

Respectfully submitted,

*/s/ Caitlin Connors*
Robert J. Wiley
Texas Bar No. 24013750
*Board Certified in Labor and Employment Law*
*by the Texas Board of Legal Specialization*
Caitlin S. Connors
Texas Bar No. 24064124
Stacey Cho
Texas Bar No.

ROB WILEY, P.C.
1825 Market Center Blvd., Suite 385
Dallas, Texas 75207
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
cconnors@robwiley.com
ATTORNEYS FOR PLAINTIFFS


MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE AND BRIEF IN SUPPORT – Page 12

CERTIFICATE OF COUNSEL

On April 26, 2012, I conferred with Joshua Alloy, attorney for Defendant, and he is opposed to Plaintiffs' Motion for Conditional Class Certification and Judicial Notice.

/s/ Caitlin Connors

CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2012, I served a copy of this Motion for Conditional Class Certification and Judicial Notice and Brief in Support on counsel for Defendants via the Court's CM/ECF system and via First Class Mail.

/s/ Caitlin Connors


MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE AND BRIEF IN SUPPORT – Page 13