**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL ESTRADA, individually and on behalf of others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>MAGUIRE INSURANCE AGENCY, INC., )<br><br>Defendant. ) | CIVIL ACTION NO. 12-604<br><br>FILED ELECTRONICALLY ON |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION**
**FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE**

PROSKAUER ROSE LLP

Elise M. Bloom (*pro hac vice*)
Joshua F. Alloy (*pro hac vice*)
11 Times Square
New York, New York 10036
(212) 969-3000

Amanda D. Haverstick (Attorney ID 85069)
One Newark Center
Newark, NJ 07102
Tel: (973) 274-3200

*Attorneys for Defendant*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...............................................................................ii

INTRODUCTION ...............................................................................................1

FACTUAL BACKROUND....................................................................................1

ARGUMENT.........................................................................................................5

      A.    Plaintiff Must Make a "Modest Factual Showing" – Not "*No Showing*" – To Support His Motion for Conditional Class Certification ........................................................................................5

      B.    Plaintiff Has Not Shown And Cannot Show That Putative Class Members Are Similarly Situated. ...................................................7

      C.    Plaintiff's Evidence Fails To Support The Existence Of An Unlawful Misclassification Policy Of Claims Examiners ...........................9

      D.    Plaintiff's Proposed Notice Is Inadequate....................................14

CONCLUSION....................................................................................................16

# TABLE OF AUTHORITIES

CASES

*Aguirre v. SBC Commc'ns, Inc.*,
   No. Civ. A. H-05-3198, 2006 WL 964554 (S.D. Tex. Apr. 11, 2006) ...................................14

*Andrade v. Aerotek, Inc.*,
   No. CCB-08-2668, 2009 WL 2757099 (D. Md. Aug. 26, 2009).................................................8

*Anglada v. Linens 'N Things, Inc.*,
   No. 06 Civ. 12901 (CM) (LMS), 2007 WL 1552511 (S.D.N.Y. May 29, 2007).....................9

*Bond v. Nat'l City Bank of Pa.*,
   No. 05 CV 0681, 2006 WL 1744474 (W.D. Pa. June 22, 2006) ...........................................13

*Burkhart-Deal v. Citifinancial, Inc.*,
   No. 07-1747, 2010 WL 457127 (W.D. Pa. Feb. 4, 2010).....................................................6, 8

*Cheatham v. Allstate Ins. Co.*,
   465 F.3d 578 (5th Cir. 2006) ...............................................................................................10

*Chemi v. Champion Mort.*,
   No. 05-1238-WHW, 2006 WL 454363 (D.N.J. Feb. 23, 2006) .............................................11

*Collazzo v. Forefront Educ., Inc.*,
   No. 08-cv-5987, 2010 U.S. Dist. LEXIS 7661 (N.D. Ill. Jan. 28, 2010)................................8

*Colson v. Avnet, Inc.*,
   687 F. Supp. 2d 914 (D. Ariz. 2010) ...................................................................................11

*Diaz v. Elecs. Boutique of Am., Inc.*,
   No. 04-CV-0840 (SR), 2005 WL 2654270 (W.D.N.Y. Oct. 17, 2005)................................13

*Forney v. TTX Co.*,
   No. CIV. A. 05 C 6257, 2006 WL 1030194 (N.D. Ill. Apr. 17, 2006)..................................11

*Hoffman-LaRoche, Inc. v. Sperling*,
   493 U.S. 165 (1989).................................................................................................................6

*Holt v. Rite Aid Corp.*,
   333 F. Supp. 2d 1265 (M.D. Ala. 2004) ......................................................................... 13-14

*Jost v. Commonwealth Land Title Ins. Co.*,
   No. 4:08 CV 734 CDP, 2009 U.S. Dist. LEXIS 5623 (E.D. Mo. Jan. 27, 2009) ....................9

*Laroque v. Domino's Pizza, LLC*,
   557 F. Supp. 2d 346 (E.D.N.Y. 2008) ...................................................................9

*McAllister v. Transamerica Occidental Life Ins. Co.*,
   325 F.3d 997 (8th Cir. 2003) ...........................................................................10

*Miller v. Farmers Ins. Exch. (In re Farmers Ins. Exch.)*,
   466 F.3d 853 (9th Cir. 2006) ...........................................................................10

*Molina v. First Line Solutions LLC*,
   566 F. Supp. 2d 770 (N.D. Ill. 2007) ...................................................................9

*Morisky v. Pub. Serv. Elec. & Gas Co.*,
   111 F. Supp. 2d 493 (D.N.J. 2000) ....................................................................14

*NBL Flooring, Inc. v. Trumball Ins. Co.*,
   No. 10-4398, 2011 U.S. Dist. LEXIS 110518 (E.D. Pa. Sept. 26, 2011) ...............................13

*North v. Bd. of Trs. of Ill. State Univ.*,
   676 F. Supp. 2d 690 (C.D. Ill. 2009) ...................................................................8

*Pfaahler v. Consultants for Architects, Inc.*,
   No. 99 C 6700, 2000 U.S. Dist. LEXIS 1772 (N.D. Ill. Feb. 8, 2000)....................................8

*Pontius v. Delta Fin. Corp.*,
   No. 04-1737, 2005 WL 6103189 (W.D. Pa. July 22, 2005) .....................................................6

*Robinson-Smith v. Gov't Emps. Ins. Co.*,
   590 F.3d 886 (D.C. Cir. 2010) ..........................................................................10

*Roe-Midgett v. CC Servs*,
   512 F.3d 865 (7th Cir. 2008) ...........................................................................10

*Scott v. Bimbo Bakeries, USA, Inc.*,
   No. 10-3154, 2012 WL 645905 (E.D. Pa. Feb. 29, 2012 (Goldberg, J.)............................6, 15

*Seever v. Carrols Corp.*,
   528 F. Supp. 2d 159 (W.D.N.Y. 2007)....................................................................14

*Symczyk v. Genesis Healthcare Corp.*,
   656 F.3d 189 (3d Cir. 2011).............................................................................6

*Talbert v. Am. Risk Ins. Co.*,
   405 F. App'x 848 (5th Cir. 2010) .......................................................................10

*Trinh v. JP Morgan Chase & Co.*,
   No. 07-CV-1666 W (WMC), 2008 WL 1860161 (S.D. Cal. Apr. 22, 2008) .........................11

**OTHER AUTHORITIES**

29 C.F.R. § 541.203 ................................................................................................ 10-11

U.S. Dep't of Labor Wage & Hour Div., Op. Letter FLSA 2002-11 (Nov. 19, 2002),
     *available at*
     http://www.dol.gov/whd/opinion/FLSA/2002/2002_11_19_11_FLSA.htm .........................10

## INTRODUCTION

Relying entirely on his own Declaration containing conclusory assertions of facts of which he has no personal knowledge, and based on Defendant's lawful policy of classifying its Claims Examiners as exempt from overtime under the Fair Labor Standards Act ("FLSA"), Plaintiff asks this Court to order notice of this action to all of Defendant's current and former Claims Examiners who worked on "fast track" claims nationwide over the past three years.

The law is not so forgiving of such inadequate proof, and Plaintiff's description of his claims demonstrates how inappropriate they are for collective treatment.  Plaintiff fails to establish that he has any personal knowledge of the work performed by any Claims Examiner outside the Addison, Texas office where Plaintiff exclusively worked.  Moreover, Plaintiff fails to allege, let alone set forth sufficient facts to support, a nationwide unlawful plan or policy by Maguire.  In fact, numerous Circuit Courts, including the Fifth Circuit where Plaintiff worked, have held that insurance claims examiners or adjustors, like Plaintiff, are exempt from overtime under the FLSA's administrative exemption.

Finally, Plaintiff cannot make even a modest showing that all the Claims Examiners he desires to include in a putative class are similarly situated.  Defendant's Claims Examiners, who work in Texas, Pennsylvania and Florida, do not perform the same functions.  Claims Examiners deal with different state laws, they handle different types of automobile arrangements—some handling only bodily injury cases and others only property damage cases—they all have different, individualized settlement authority based on their experience level and skill set, and they work under different supervisors in different offices.  Any determination of Claims Examiners' exempt status necessarily would require individualized analyses and render

collective treatment wholly inappropriate.   Thus, no certification, conditional or otherwise, is appropriate here, and Plaintiff's motion should be denied.

## FACTUAL BACKGROUND

Plaintiff was a Claims Examiner in Maguire's Addison, Texas office from June 2008 to December 2011, working exclusively on "fast track" claims.  (Pl. Decl., ¶ 2).[1]  Maguire does not have a formal "fast track" auto department.  Instead, "fast track" is a process in which certain types of insurance claims are assigned to a claims examiner.   These claims typically involve automobile accidents with relatively low potential damages and which may or may not involve bodily injury.  (Benecke Decl., ¶ 3).

During Plaintiff's employment at Maguire, Claims Examiners who worked exclusively on "fast track" claims worked in Addison, Texas, Altamont Springs, Florida, and in Bala Cynwyd, Pennsylvania.   (Benecke Decl., ¶ 8-12).   The Claims Examiners in each location operate independently of one another and report to localized supervisors.   Significantly, there is no cross-handling of claims between offices and Claims Examiners in different offices do not generally interact with each other.  (Benecke Decl. ¶ 8).  Plaintiff worked only in the Addison, Texas office and never worked in any of Maguire's other offices.  (Terry Decl. ¶ 2, 5)  The Addison Claims Examiners were supervised by Roger Terry and Mona Born, Claims Supervisors in Addison.   (Terry Decl., ¶ 2).   The Florida and Pennsylvania Claims Examiners were supervised by three Claims Supervisors located in Pennsylvania.  (Benecke Decl., ¶ 14).

"Fast Track" claims are assigned to certain Claims Examiners due to those Claims Examiners' experience levels and familiarity with various state laws and statutes.  (Benecke

---

[1] References to Plaintiff's Declaration submitted in support of his motion for conditional certification are cited herein as (Pl. Decl., ¶ ____).  References to the Declarations of William Benecke and Roger Terry submitted by Defendant in opposition to Plaintiff's motion are cited herein as (Benecke Decl., ¶ ____) and (Terry Decl., ¶ ____), and attached as Exhibits 1 and 2 respectively.

Decl., ¶ 4).  Depending on their experience level, some Claims Examiners handle "Fast Track" matters involving only property damage, while others also handle those involving personal injuries.  (Benecke Decl., ¶ 4).

Claims Examiners who receive a "Fast Track" matter are responsible for various duties depending upon their individual skills and experience level, including: (a) contacting the customer; (b) verifying the facts of the accident; (c) determining whether there is a factual dispute as to what occurred; (d) conducting an investigation as to liability; (e) determining whether an outside appraiser is necessary; (f) determining liability based upon their investigation; (g) determining percentages of fault for comparative negligence; (h) evaluating applicable state laws; and (i) negotiating settlements.  (Benecke Decl., ¶ 5).

Each Claims Examiner has a specific, individualized level of monetary authority up to which they can resolve claims without supervisory authority.  (Benecke Decl., ¶ 6).  This threshold is based upon an evaluation by Maguire management of the individual Claims Examiner's experience level, skill set and capabilities.  There is no set amount of authority by position or title.  (Benecke Decl., ¶ 6).  For matters in which Claims Examiners determine that the settlement value exceeds their individual authority level, they must make a recommendation to their supervisors as to the monetary amount of the claim.  (Benecke Decl., ¶ 7).

In Addison, Texas, the Claims Examiners who exclusively handle "Fast Track" matters are supervised by Mr. Terry and Ms. Born.  (Terry Decl., ¶ 2).  One Claims Examiner in Addison who exclusively handles "Fast Track" claims is supervised by Mr. Terry.  This Claims Examiner deals with claims involving property damage only, and handles claims involving rental cars and leases in all fifty states, as well as claims of non-rental cars and leases in Texas, Oklahoma, Wyoming, Kentucky, New Mexico, Louisiana, and Arkansas.  (Terry Decl., ¶ 3, 6).  All of these

states, other than Louisiana, require claims adjusters to be licensed in order to examine insurance claims involving damages in those states. (Terry Decl., ¶ 7).

A second group of Claims Examiners in Addison who work exclusively on "Fast Track" claims report to Ms. Born. (Terry Decl., ¶ 2). These Claims Examiners handle claims involving property damage only that do *not* involve rental or leased cars in Nevada, Idaho, Washington, Nebraska, California, Montana, Kansas, Oregon, North Dakota, South Dakota, Colorado, Florida, Utah and Minnesota. (Terry Decl., ¶ 8). Among those states, Florida and Montana require a license for claims adjusters to examine insurance claims involving damages in those states, and California requires annual training. (Terry Decl., ¶ 9). This group included Mr. Estrada when he worked at Maguire. (Terry Decl., ¶ 5).

In Altamont Springs, Florida, Maguire has one Claims Examiner who works exclusively on "Fast Track" matters. (Benecke Decl., ¶ 11). The majority of Claims Examiners who exclusively handle "Fast Track" claims work in Maguire's Bala Cynwyd, Pennsylvania office. (Benecke Decl., ¶ 12). The Claims Examiners in Florida and Pennsylvania handle all non-rental and leased car claims in the remaining states not handled by the Addison office. (Benecke Decl., ¶ 13). The Claims Examiners in Florida and Pennsylvania are required to be licensed claims adjusters, and are supervised by three different supervisors located in Pennsylvania. (Benecke Decl., ¶ 14). The Claims Examiners in Pennsylvania and Florida each have their own individual settlement authority depending upon their individual experience and skill level, as determined by management. (Benecke Decl., ¶ 15). Some of the Claims Examiners in Florida and Pennsylvania who work exclusively on "Fast Track" claims handle both property damage and bodily injury claims. (Benecke Decl., ¶ 16).

Contrary to what Mr. Estrada alleges (Pl. Decl., ¶ 4(b)), there is no computer system that reduces a Claims Examiner's duties to "clerical data entry." (Benecke Decl., ¶ 17). Image Right is a paperless content management system which merely converts paper documents to electronically viewable versions of those documents. It stores documents in a centralized paperless format. (Benecke Decl., ¶ 18). The Apps system is an operations system which allows a Claims Examiner to keep electronic notes of his investigation, to set up a reserve fund for a claim, and to make payments on a claim. It provides no service in evaluating claims, or determining and apportioning liability or the other duties of a Claims Examiner. (Benecke Decl., ¶ 19). There are no computer programs that tell Claims Examiners what to pay on any claim within their responsibility. (Benecke Decl., ¶ 20).

Similarly, Claims Examiners are not supposed to simply accept the findings of an independent appraiser. To do so would be a severe dereliction of responsibilities, which, if discovered, would result in disciplinary action up to and including termination. (Benecke Decl., ¶ 21). It is the Claims Examiner's job to determine the liability and damages, to determine apportionment of fault where appropriate and to negotiate a resolution, not the independent appraiser. (Benecke Decl., ¶ 21).

## ARGUMENT

**A.    Plaintiff Must Make a "Modest Factual Showing" – Not "*No* Showing" – To Support His Motion for Conditional Class Certification.**

As Plaintiff concedes, most courts (including those in the Eastern District of Pennsylvania) require that a plaintiff make "a modest factual showing" that he and the members of the putative class – here, Claims Examiners across three states – are similarly situated for purposes of their FLSA claims. Pl. Mem. at 6-7 (*citing Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 193 (3d Cir. 2011); *Scott v. Bimbo Bakeries, USA, Inc.*, No. 10-3154, 2012 WL

645905, at *6 (E.D. Pa. Feb. 29, 2012 (Goldberg, J.)).

The purpose of the collective action mechanism is to permit the efficient trial of substantially similar claims that are based on a single set of evidence, rather than requiring similarly situated individuals to prove the same facts over and over again in separate actions. *See Burkhart-Deal v. Citifinancial, Inc.*, No. 07-1747, 2010 WL 457127, at *2 (W.D. Pa. Feb. 4, 2010) (quoting *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)); *Pontius v. Delta Fin. Corp.*, No. 04-1737, 2005 WL 6103189, at *3 n.6 (W.D. Pa. July 22, 2005).

The touchstone for the Court, then, must be whether the claims Plaintiff asserts lend themselves to resolution on a collective basis.  Plaintiff has not made even a modest showing, beyond pure speculation, that the putative class members he proposes are similarly situated, either to Plaintiff or to each other.  Rather, the only evidence before the Court concerns Plaintiff's detailed allegations concerning his own job duties, responsibilities, and hours.  This demonstrates that resolution of Plaintiff's claim – i.e., whether Plaintiff and/or other Claims Examiners are properly classified as exempt from overtime under the FLSA – will turn entirely on an individualized assessment of each individual Claims Examiner and what he or she actually did on a day to day basis.

Moreover, Defendant has submitted countervailing evidence demonstrating that (i) there are significant differences between Claims Examiners and between different offices; and (ii) Plaintiff's own alleged job duties and responsibilities are inaccurate and in any event, do not reflect the actual and intended job duties and responsibilities of other Claims Examiners.  Finally, the law is well-established that Claims Examiners, like Plaintiff, are properly classified as exempt from overtime, and Plaintiff has provided no evidence to support a common *unlawful* misclassification scheme.  Thus, there simply is nothing in the record on which the Court could

determine that Plaintiff's claims ever could or should be tried collectively.   The Court should

deny Plaintiff's motion.

**B.    Plaintiff Has Not Shown And Cannot Show That Putative Class Members Are Similarly Situated.**

Plaintiff rests his motion solely on his own Declaration containing assertions about *his own* duties and experiences working exclusively in the Addison, Texas office.   While Plaintiff's burden is modest, it is not non-existent.   He must still produce "*some* evidence, *beyond pure speculation*, of a factual nexus" between his own alleged experiences and that of the other claims examiners he seeks to establish as similarly situated.   *Symczyk*, 656 F.3d at 192-193 (emphasis added); *Bimbo Bakeries*, 2012 WL 645905, at *6.

Plaintiff's Declaration does not provide any actual details about the work duties, practices, or work hours of other Claims Examiners – either in the Addison, Texas office or in any of the other offices – and Plaintiff has not submitted any declarations or affidavits from other Claims Examiners.   Instead, Plaintiff asks this Court to conclude that all current and former Claims Examiners are similarly situated and to order notice sent to them based solely on a single conclusory statement that "based on my experiences and/or observations, the job duties of all fast track claims examiners were nearly identical."[2]   (Pl. Decl. ¶ 2)

Notably, Plaintiff provides no basis to conclude he has any experiences or observations of other Claims Examiners, including those who work in Pennsylvania and Florida.   He has provided no additional details or any specifics about what he has allegedly observed or experienced, or why he believes the job duties of all Claims Examiners are "nearly identical."   And significantly, he has provided no details whatsoever about the number of hours that other

---

[2] Tellingly, in his motion, Plaintiff devotes just a single paragraph to discussing why Plaintiff is similarly situated to other Claims Examiners, without any reference to the applicable law.

Claims Examiners have allegedly worked.  Such unfounded speculation is patently inadmissible, and does nothing to advance Plaintiff's case for conditional certification.  *See, e.g., Pfaahler v. Consultants for Architects, Inc*., No. 99 C 6700, 2000 U.S. Dist. LEXIS 1772, at *6 (N.D. Ill. Feb. 8, 2000) (denying certification because named plaintiffs' knowledge of the nature of other class members' employment situations was based only on subjective beliefs).

In fact, as Defendant's declarations make clear, Plaintiff's alleged experiences and/or observations about his own job duties and those of other Claims Examiners are inaccurate and/or inapplicable, and there are considerable differences between Claims Examiners.  For example, the majority of Claims Examiners are located in Pennsylvania (with one in Florida).  (Benecke Decl. ¶ 11-12)  The Pennsylvania and Florida Claims Examiners handle claims involving non-rental and leased cars in all of the states not handled by the Addison office, most of which require claims adjuster licenses.  (Benecke Decl. ¶ 13-14)  The claims they handle involve both property damage and bodily injury claims, and they report to three different supervisors located in Pennsylvania.  (Benecke Decl., ¶ 14, 16).  They also have varying degrees of settlement authority depending upon their individual experience and skill levels, and their authority is separately determined by Maguire management.  (Benecke Decl., ¶ 15).  As such, they are not similarly situated to the Claims Examiners in Texas, who handle only property damage claims in the remaining states not handled in Pennsylvania or Florida, very few of which require licensing or annual training, and were supervised by two supervisors in Texas.   (Benecke Decl. ¶ 9-10)

While Plaintiff might, under different circumstances and with actual evidence, be entitled to conditional certification limited solely to the Addison, Texas office where he worked, that is not the case here.[3]  In fact, Plaintiff cannot establish that Claims Examiners in the Addison office

---

[3] For example, in a recent case in this District in which Plaintiff sought nationwide classification and submitted ten affidavits in support, Judge Ambrose granted conditional certification but limited it to the branches where the

who worked exclusively on "fast track" matters were similarly situated even to each other.

One such Claims Examiner reports to Claims Supervisor Roger Terry and works on claims involving leased and rented cars in all fifty states, and other types of claims in Texas, Kentucky, Oklahoma, Arkansas, Louisiana, Wyoming and New Mexico.  (Terry Decl., ¶ 6).  That individual is required to be licensed in those states, except Louisiana, and to be familiar with and evaluate the laws in those states.  (Terry Decl., ¶ 7).  In contrast, the other Addison Claims Examiners handling exclusively "fast track" matters in Texas report to Mona Born and work on claims involving *non*-leased and rental cars in Nevada, Idaho, Washington, Nebraska, California, Montana, Kansas, Oregon, North Dakota, South Dakota, Colorado, Florida, Utah and Minnesota.  (Terry Decl., ¶ 8).  Those individuals are required to be licensed only in Montana and Florida, attend annual training in California, and be familiar with and evaluate the laws in each of those states listed.  (Terry Decl., ¶ 9, 11).  In short, the Claims Examiners in Texas report to different supervisors, have different knowledge and licensing requirements, and handle different types of claims.  These facts preclude any showing that these Claims Examiners are similarly situated.

---

plaintiffs and declarants actually worked.  *Burkhart-Deal*, 2010 WL 457127, at *5.  The *Burkhart-Deal* plaintiffs asked the Court to extrapolate from the affidavits in just a few states that the same alleged practices must have been going on elsewhere, but the Court rejected the argument and refused to assume that individuals who worked in other states were subject to the same alleged policies.  *See also Collazzo v. Forefront Educ., Inc.*, No. 08-cv-5987, 2010 U.S. Dist. LEXIS 7661, at *15 (N.D. Ill. Jan. 28, 2010) (granting certification but limiting it to state where plaintiffs worked); *Andrade v. Aerotek, Inc.*, No. CCB-08-2668, 2009 WL 2757099, at *3, 4-5 (D. Md. Aug. 26, 2009) (limiting notice to Charlotte facility where plaintiffs worked); *North v. Bd. of Trs. of Ill. State Univ.*, 676 F. Supp. 2d 690, 699-700 (C.D. Ill. 2009) (limiting certification to individuals who worked during the same time period as plaintiffs); *Jost v. Commonwealth Land Title Ins. Co.*, No. 4:08 CV 734 CDP, 2009 U.S. Dist. LEXIS 5623, at *13 (E.D. Mo. Jan. 27, 2009) (limiting distribution of class notice to employees who worked within areas supervised by same managers as plaintiffs); *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 357 (E.D.N.Y. 2008) (limiting first stage certification to the Coney Island store area where plaintiffs worked); *Molina v. First Line Solutions LLC*, 566 F. Supp. 2d 770, 788-89 (N.D. Ill. 2007) (denying plaintiffs' motion to the extent it sought certification of a nationwide class, limiting notice to the Chicago territory for which plaintiffs had submitted support); *Anglada v. Linens 'N Things, Inc.*, No. 06 Civ. 12901 (CM) (LMS), 2007 WL 1552511, at *8-9 (S.D.N.Y. May 29, 2007) (granting certification only at the two New York locations covered by plaintiff's affidavit).

**C.    Plaintiff's Evidence Fails To Support The Existence Of An Unlawful Misclassification Policy Of Claims Examiners**

Plaintiff's motion – seeking nationwide notice based upon a theory of misclassification – is particularly flawed because courts have consistently held that claims examiners or adjustors who perform duties like those expected of Plaintiff are lawfully classified as exempt from overtime under the FLSA.  This is especially true in the Fifth Circuit, where Plaintiff worked. *See Talbert v. Am. Risk Ins. Co.*, 405 F. App'x 848, 854-55 (5th Cir. 2010) (holding that assistant claims adjuster who made recommendations regarding coverage was an exempt administrative employee under the FLSA, even though he could not settle claims on his own without supervisory approval); *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006) (concluding that insurance claims adjusters were exempt under the FLSA administrative exemption where they exercised discretion in determining coverage, conducting investigations, and determining liability); *see also Robinson-Smith v. Gov't Emps. Ins. Co.*, 590 F.3d 886, 888 (D.C. Cir. 2010); *Roe-Midgett v. CC Servs*, 512 F.3d 865, 875 (7th Cir. 2008); *Miller v. Farmers Ins. Exch. (In re Farmers Ins. Exch.)*, 466 F.3d 853, 864 (9th Cir. 2006), *as amended*, 481 F.3d 1119 (9th Cir. 2007); *McAllister v. Transamerica Occidental Life Ins. Co.,* 325 F.3d 997, 998 (8th Cir. 2003).

This general presumption that insurance claims examiners (or claims adjustors) are properly classified as exempt is further confirmed by the Department of Labor's own regulations and opinion letters.  *See* 29 C.F.R. § 541.203 (providing that insurance claims adjusters "generally meet the duties requirements for the administrative exemption…if their duties include activities such as interviewing insureds, witnesses and physicians; inspecting property damage; reviewing factual information to prepare damage estimates; evaluating and making recommendations regarding coverage of claims; determining liability and total value of a claim;

negotiating settlements; and making recommendations regarding litigation."); U.S. Dep't of Labor Wage & Hour Div., Op. Letter FLSA 2002-11 (Nov. 19, 2002), *available at* http://www.dol.gov/whd/opinion/FLSA/2002/2002_11_19_11_FLSA.htm (stating that "Wage and Hour has long recognized that claims adjustors typically perform work that is administrative in nature").

While this Court need not decide the merits of Plaintiff's misclassification claim, in light of the significant body of case law, Plaintiff must do more than simply allege that all Claims Examiners share the same job title and were all classified as exempt from overtime. *See, e.g., Colson v. Avnet, Inc.,* 687 F. Supp. 2d 914, 927 (D. Ariz. 2010) ("mere classification of a group of employees as exempt does not automatically dictate, as a matter of law, whether collective action notification is appropriate," and plaintiffs' offering up 'a common job description' as their "evidentiary showing that [all class members] performed the same job duties is plainly insufficient, even under the most liberal legal standard," to satisfy their burden); *Trinh v. JP Morgan Chase & Co.,* No. 07-CV-1666 W (WMC), 2008 WL 1860161, at *3, 4 n.2 (S.D. Cal. Apr. 22, 2008) (rejecting certification where plaintiffs premised their motion on the fact that all putative class members "had essentially the same job description and training and were compensated in the same manner," reasoning that if these facts were enough to justify certification, "every case brought before the courts alleging improper designation as non-exempt employees would automatically qualify for conditional certification") (citing *Chemi v. Champion Mort.*, No. 05-1238-WHW, 2006 WL 454363 (D.N.J. Feb. 23, 2006)); *Forney v. TTX Co.*, No. CIV. A. 05 C 6257, 2006 WL 1030194, at *2-3 (N.D. Ill. Apr. 17, 2006) (rejecting plaintiff's reliance on the company's common job descriptions as not being sufficient to meet her burden on first stage certification motion).

Rather, Plaintiff must establish that all other Claims Examiners actually perform the same day-to-day job duties and responsibilities as Plaintiff (which, as demonstrated above, he cannot), and he must also provide at least some colorable basis for the Court to conclude that there is a common unlawful practice or policy of misclassification.  Here, too, Plaintiff fails.

Plaintiff admits that as a Claims Examiner he performed a "coverage review" and determined insurance coverage, interviewed the parties involved, determined liability with supervisory input, and approved payment.  (Pl. Decl., ¶ 4).  Thus, by his own admission, Plaintiff was exempt from the FLSA under applicable law, including two Fifth Circuit decisions.  *See Talbert, Cheatham, supra*.  Moreover, the Declarations of Messrs. Benecke and Terry confirm that Defendant's Claims Examiners who do "fast track" claims exercise discretion in determining liability, apportioning fault, evaluating applicable state laws and negotiating settlements.  (Benecke Decl., ¶ 5; Terry Decl., ¶ 11).  These, of course, are the very hallmarks of an exempt administrative employee.

To the extent Plaintiff is asserting that he and other Claims Examiners were not performing the duties which are required by Defendant (and which clearly render them exempt from overtime under governing law), but were instead performing those duties and responsibilities set forth in Plaintiff's Declaration, this would necessarily require an individualized analysis of duties performed by each individual Claims Examiner to determine if they, too, were acting contrary to Defendant's expectations and requirements.

Specifically, Plaintiff represents to the Court that his duties were primarily clerical and rote, that he simply input data into computer programs and followed the recommendations of an independent appraiser and the instructions of his supervisor.  (Pl. Decl., ¶ 4-10).  However, Defendant's Declarations make clear that Claims Examiners who receive a "fast track" matter

12

are responsible for various duties depending upon their individual skills and experience level, including (a) contacting the customer; (b) verifying the facts of the accident; (c) determining whether there is a factual dispute as to what occurred; (d) conducting an investigation as to liability; (e) determining whether an outside appraiser is necessary; (f) determining liability based upon their investigation; (g) determining percentages of fault for comparative negligence; (h) evaluating of applicable state laws; and (i) negotiating settlements.  (Benecke Decl., ¶ 5; Terry Decl., ¶ 11).

The "clerical" functions Plaintiff claims he performed were contrary to those expected by Defendant, and any Claims Examiner merely accepting the recommendation of an independent appraiser and not engaging in the independent analysis required would be subject to discipline, including termination.  (Benecke Decl., ¶ 21).  As such, individual evaluations of each Claims Examiners would have to be undertaken to determine whether they were performing the duties required of them which, under well-established law, place them in the administrative exemption under the FLSA.  Thus, collective treatment under such circumstances would be inappropriate.

Because any ultimate determination of the appropriateness of the exempt classification will be dependent upon the duties of each Claims Examiner and the degree to which they were following Defendant's policies and practices, and because the actual duties and responsibilities of Claims Examiners as well as how they went about performing their duties are heavily disputed, proceeding as a collective action in this case would be improper.  See *NBL Flooring, Inc. v. Trumball Ins. Co.*, No. 10-4398, 2011 U.S. Dist. LEXIS 110518, at *4 (E.D. Pa. Sept. 26, 2011) (noting that class certification is inappropriate if "individualized determinations" would be required for each class member regarding the claims at issue); *Bond v. Nat'l City Bank of Pa.,* No. 05 CV 0681, 2006 WL 1744474, at *4 (W.D. Pa. June 22, 2006) (denying conditional

certification where named plaintiffs' claims "would require a fact-intensive, individualized inquiry of the job position, job duties, work history, and alleged individual branch policies of every prospective plaintiff"); *Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1274 (M.D. Ala. 2004) (denying conditional certification where the issues of the case "revolve[d] around whether the day-to-day tasks of Store Managers and Assistant Managers are consistent with their designation as exempt," which required the court to "examine evidence of the job duties actually performed by all of the Store Managers and Assistant Managers"); *Diaz v. Elecs. Boutique of Am., Inc.*, No. 04-CV-0840 (SR), 2005 WL 2654270, at *4 (W.D.N.Y. Oct. 17, 2005) (denying conditional certification of misclassification claim because "determination of [plaintiff's] exempt or nonexempt status requires a detailed factual analysis of his daily activities and responsibilities, [and] so does a determination of every individual [sales manager's] exempt or nonexempt status"); *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 498-499 (D.N.J. 2000) (rejecting certification in misclassification case because "[t]he exempt or non-exempt status of potentially hundreds of employees would need to be determined on . . . an employee-by-employee basis").[4]

## D.    Plaintiff's Proposed Notice is Inadequate

Plaintiff's motion for conditional certification and judicial notice should be denied because of his complete inability to establish that certification or notice is appropriate.  Even if the Court disagrees and orders the sending of an FLSA notice to some group of similarly situated

---

[4] *See also Seever v. Carrols Corp.*, 528 F. Supp. 2d 159, 173 (W.D.N.Y. 2007) (denying conditional certification for failure to show that alleged FLSA violations by individual managers were "part of a generalized, company-wide policy"); *Aguirre v. SBC Commc'ns, Inc.*, No. Civ. A. H-05-3198,  2006 WL 964554, at *7 (S.D. Tex. Apr. 11, 2006) (conditional certification denied because the record showed that "determining whether other potential plaintiffs [were] similarly situated would require a fact-specific and individualized inquiry into each employee's daily job duties.  For some employees, including the named plaintiffs, the inquiry would extend into the number of employees supervised; the ability to recommend hiring, firing, and reprimanding workers; the employee's opportunity to exercise discretion, and the amount of time the employee spends on nonmanagerial tasks").

individuals, Plaintiff's Proposed Notice and consent form are improper and generally misleading on numerous grounds, including, but not limited to: (i) failing to properly define the class and the class period; (ii) failing to place any geographic limitations on the scope of the class; (iii) failing to fully and adequately describe Plaintiff's claims; (iv) failing to fully and accurately describe Defendant's respective position as to the defenses asserted in this action; (v) failing to fully and adequately describe the legal effect of joining the lawsuit; (vi) failing to provide sufficient factual details of the lawsuit and the Plaintiff; and (vii) implying that the notice has been issued by the Court rather than by Plaintiff's counsel.   Defendant's Proposed Notice and consent form are attached as Exhibit 3.  Alternatively, Defendant respectfully requests that, consistent with its decision in *Bimbo Bakeries*, the Court orders the parties to meet and confer to attempt to devise a notice and consent form that is mutually acceptable, prior to bringing any disagreements to the Court's attention.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully submits that the Court should deny Plaintiff's motion for conditional certification.

Respectfully submitted,

Dated: New York, New York             PROSKAUER ROSE LLP
       May 14, 2012

                                      /s/ Joshua F. Alloy

                                      Elise M. Bloom, admitted *pro hac vice*
                                      Joshua F. Alloy, admitted *pro hac vice*
                                      Eleven Times Square
                                      New York, NY 10036-8299
                                      Tel: (212) 969-3000
                                      Fax: (212) 969-2900
                                      ebloom@proskauer.com
                                      jalloy@proskauer.com

                                      Amanda D. Haverstick
                                      Attorney ID 85069
                                      One Newark Center
                                      Newark, NJ 07102
                                      Tel: (973) 274-3200
                                      Fax: (973) 274-3299
                                      ahaverstick@proskauer.com

                                      *Attorneys for Defendant*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused a true and correct copy of the foregoing to be served on all counsel of record this 14th day of May, 2012, by operation of the Court's CM/ECF electronic filing system.

By:    /s/ Joshua F. Alloy