IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ESTRADA, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MAGUIRE INSURANCE AGENCY, INC., <br><br> Defendant. | CIVIL ACTION NO. 12-604 <br><br> ECF CASE |

## DECLARATION OF WILLIAM J. BENECKE

The undersigned hereby declares and states that the following is true and correct:

1. I am an Executive Vice President and the Chief Claims Officer for Maguire Insurance Agency, Inc., the Defendant in the above-captioned matter ("Maguire" or "Defendant").

2. As the highest ranking employee in the Claims Department, I am fully familiar with the duties and responsibilities of the Claims Examiners for Maguire across the country. I make this declaration in opposition to Plaintiff's motion for conditional certification and judicial notice.

3. There is no formal "Fast Track" auto department for Claims Examiners at Maguire. Instead, "Fast Track" is a process in which certain types of insurance claims are assigned to an examiner. These claims typically involve automobile accidents with lesser damage which may or may not involve bodily injury.

4. "Fast Track" claims are assigned to certain Claims Examiners due to those Claims Examiners' experience levels and familiarity with various state laws and statutes. Depending on their experience level, some Claims Examiners handle "Fast Track" matters involving only property damage, while others also handle those involving personal injuries.

5. Claims Examiners who receive a "Fast Track" matter are responsible for various duties depending upon their individual skills and experience level, including (a) contacting the customer; (b) verifying the facts of the accident; (c) determining whether there is a factual dispute as to what occurred; (d) conducting an investigation as to liability; (e) determining whether an outside appraiser is necessary; (f) determining liability based upon their investigation; (g) determining percentages of fault for comparative negligence; (h) evaluating applicable state laws; and (i) negotiating settlements. These duties often involve a high degree of independent judgment and discretion.

6. Each Claims Examiner has a specific, individualized level of monetary authority up to which they can resolve claims without supervisory authority. This threshold is based upon an evaluation by Maguire management of the individual Claims Examiner's experience level, skill set and capabilities. There is no set amount of authority by position or title.

7. For matters in which the Claims Examiner determines that the settlement value exceeds their individual authority level, they must make a recommendation to their supervisor as to the monetary amount of the claim.

8. There are three locations in which Claims Examiners for Maguire handle "Fast Track" matters, and the Claims Examiners in each location operate independently of one another and report to localized supervisors. There is no cross-handling of claims between offices and Claims Examiners in different offices do not generally interact with each other.

9. In Addison, Texas, Claims Examiners who exclusively handle "Fast Track" matters are supervised by two separate supervisors. One Claims Examiner in Addison who exclusively handles "Fast Track" claims is supervised by Roger Terry, a Claims Supervisor. This Claims Examiner deals exclusively with claims involving property damage only, and handles claims involving rental cars and leases in all fifty states, or claims of non-rental cars and leases in Texas, Oklahoma, Wyoming, Kentucky, New Mexico, Louisiana, and Arkansas. All of these states, other than Louisiana, require claims adjusters to be licensed in order to examine insurance claims involving damages in those states.

10. A second group of Claims Examiners in Addison who work exclusively on "Fast Track" claims handle property damage only matters that do *not* involve rental or leased cars in Nevada, Idaho, Washington, Nebraska, California, Montana, Kansas, Oregon, North Dakota, South Dakota, Colorado, Florida, Utah and Minnesota. Among those states, Florida and Montana require a license for claims adjusters to examine insurance claims involving damages in those states, and California requires annual training.

11. In Altamont Springs, Florida, Maguire has one Claims Examiner who works exclusively on "Fast Track" matters.

12. The majority of Claims Examiners who exclusively handle "Fast Track" claims work in Maguire's Bala Cynwyd, Pennsylvania office.

13. The Claims Examiners in Florida and Pennsylvania handle all non-rental and leased car claims in all states except those states handled by the Addison office.

14. The Claims Examiners in Florida and Pennsylvania possess claims adjusters licenses in all states that are not handled by the Addison, TX Office and that require licenses.

The Examiners in the Florida and Pennsylvania Offices are supervised by three different supervisors.

15.   The Claims Examiners in Pennsylvania and Florida each have their own settlement authority determined by Maguire management on an individual basis.

16.   Some of the Claims Examiners in Florida and Pennsylvania who work exclusively on "Fast Track" claims handle both property damage and bodily injury claims.

17.   There is no computer system that reduces a Claims Examiner's duties to "clerical data entry" as Mr. Estrada states. (Estrada Decl., ¶4(b)).

18.   Image Right is a paperless content management system which is a repository for paper documents to electronically viewable versions of those documents. It stores documents related to a specific claim in a centralized paperless format.

19.   The Apps system is a claims operations system which allows a Claims Examiner to keep electronic notes of his investigation, to set up a reserve fund for a claim, and to make payments on a claim. It provides no service in evaluating claims, or determining and apportioning liability or the other duties of a Claims Examiner.

20.   There are no computer programs that tell Claims Examiners what to pay on any claim within their responsibility.

21.   Similarly, Claims Examiners are not supposed to simply accept the findings of an independent appraiser concerning liability. To do so would be a severe dereliction of responsibilities, which, if discovered, would result in disciplinary action up to and including termination. It is the Claims Examiner's job to determine the liability and damages, not the independent appraiser. The appraiser merely provides a professional appraisal of the damages for consideration by the Claims Examiner.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ___May 14, 2012___

_____
William J. Benecke