IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ESTRADA, individually and on behalf of others similarly situated, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ) |
| MAGUIRE INSURANCE AGENCY, INC., | ) ) ) |
| Defendant. | ) ) |

CIVIL ACTION NO. 12-604

ECF CASE

## DECLARATION OF ROGER TERRY

The undersigned hereby declares and states that the following is true and correct:

1. I am a Claims Supervisor for Defendant Maguire Insurance Agency, Inc. in its Addison, Texas office and am fully familiar with the duties and responsibilities of Claims Examiners in that office. I make this declaration in opposition to Plaintiff's motion for conditional certification and judicial notice.

2. In the automobile unit in Addison, there are two groups of Claims Examiners – one group supervised by me and a second group supervised by Claims Supervisor Mona Born. Ms. Born reports to me.

3. Of the Claims Examiners who report directly to me, one exclusively handles claims that deal with property damage only, *i.e.,* without bodily injury.

4. All of the Claims Examiners who report directly to Ms. Born exclusively handle claims that deal with property damage only.

5. When he worked at Maguire, Mr. Estrada was one of the Claims Examiners who reported to Ms. Born who exclusively handled claims involving property damage only, which he refers to in his Declaration as "Fast Track" claims. (Pl. Decl. ¶2).

6. One of the Claims Examiners who reports directly to me exclusively handles claims involving property damage and only works on claims involving rental and leased cars in all fifty states, and non-rental and leased cars in Texas, Kentucky, Oklahoma, Arkansas, Wyoming, New Mexico and Louisiana.

7. All of the states listed above except Louisiana require claims adjusters to have a license to examine claims involving damages in those states.

8. The Claims Examiners who report directly to Ms. Born handle claims involving non-rental and leased cars in Nevada, Idaho, Washington, Nebraska, California, Montana, Kansas, Oregon, North Dakota, South Dakota, Colorado, Florida, Utah and Minnesota.

9. Montana and Florida require claims adjusters to have a license to examine claims involving damages in those states, and California requires annual training.

10. Claims Examiners for Maguire outside of Texas handle claims involving non-rental and leased cars in the remaining states not handled in Addison, which may include both property damage and bodily injury claims.

11. Claims Examiners who receive a "Fast Track" matter are responsible for various duties depending upon their individual skills and experience level, including (a) contacting the customer; (b) verifying the facts of the accident; (c) determining whether there is a factual dispute as to what occurred; (d) conducting an investigation as to liability; (e) determining whether an outside appraiser is necessary; (f) determining liability based upon their

investigation; (g) determining percentages of fault for comparative negligence; (h) evaluating of applicable state laws; and (i) negotiating settlements.

12. The settlement authority limits for each individual Claims Examiner in Addison who works on "Fast Track" claims is set by Home Office after specific consideration of that employee's experience and skill set.

13. There is no computer system that reduces a Claims Examiner's duties to "clerical data entry" as Mr. Estrada states. (Estrada Decl., ¶4(b)).

14. Image Right is a paperless content management system which is a repository for paper documents to electronically viewable versions of those documents. It stores documents related to a specific claim in a centralized paperless format.

15. The Apps system is an operations system which allows a Claims Examiner to keep electronic notes of his investigation, to set up a reserve fund for a claim, and to make payments on a claim. It provides no service in evaluating claims, or determining and apportioning liability or the other duties of a Claims Examiner.

16. There are no computer programs that tell Claims Examiners what to pay on any claim within their responsibility.

17. Similarly, Claims Examiners are not supposed to simply accept the findings of an independent appraiser concerning liability. To do so would be a severe dereliction of responsibilities, which, if discovered, would result in disciplinary action up to and including termination. It is the Claims Examiner's job to determine the liability and damages, not the independent appraiser. The appraiser merely provides a professional appraisal of the damages for consideration by the Claims Examiner.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on  5-14-12

_____
Roger Terry

4