**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL ESTRADA, individually and on behalf of others similarly situated,**<br><br>**PLAINTIFF,**<br><br>**v.**<br><br>**MAGUIRE INSURANCE AGENCY, INC.,**<br><br>**DEFENDANT.** | **CIVIL ACTION NO. 12-604**<br><br>**JURY TRIAL DEMANDED** |

PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE AND BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE

NOW COMES Michael Estrada, and files this, the Reply to Defendant's Response and Brief in Opposition to Plaintiff's Motion for Conditional Class Certification and Judicial Notice, and respectfully shows the following:

I.
SUMMARY

The Defendant's own Response shows, at a minimum, that Plaintiff and the potential opt-in plaintiffs at the Addison worksite are similarly situated for the purposes of class certification. This Court should, at a minimum, approve the notice submitted by the Defendant in its Response.

Beyond the workers in the Addison office, the Court should also certify claims examiners in Bala Cynwyd and in Florida. The defendant does not dispute that

employees in all three locations had the same job title, handle claims for property damage, approve claims, and request guidance from supervisors when a claim exceeds the examiner's approval authority. *See generally* Def. Resp.

The purpose of the two-stage certification process is the promotion of judicial economies, and the court should certify the class now rather than wait for the formal completion of discovery. Conditional certification promotes judicial economies and streamlines the litigation.

II.
DEFENDANT'S RESPONSE CONFIRMS THAT THE EMPLOYEES IN THE ADDISON OFFICE ARE SIMILARLY SITAUTED. PLAINTIFF HAS SHOWN THAT POTENTIAL CLASS MEMBERS PERFORMED THE SAME TASKS AND WERE NOT PAID OVERTIME.

Defendant's Response actually highlights the fact that Plaintiff is similarly situated to other Fast Track Claims Examiners. Defendant's Response states that there is a group of Fast Track Claims Examiners, to which Plaintiff belongs, that reported to Mona Born and that had almost identical job duties. *See* Def. Resp. at 4. These Fast Track Claims Examiners "handle claims involving property damage only." *Id.* Importantly, Defendant cites no differences in job duties amongst this group of Addison, Texas Fast Track Claims Examiners. *See generally* Def. Resp. In fact, Defendants only point to a single claims examiner in the Addison office with slightly different job duties than Plaintiff. *See* Def. Resp. at 8-9.

Defendant's Response highlights the fact that the Addison Fast Track Claims Examiners are similarly situated to those in Bala Cynwyd and Florida. These employees have the exact same job duties with minor exceptions. For example,

Defendant asserts that some fast track claims examiners have different settlement authority, but does not present a single fast track claims examiner that has settlement authority over $10,000. Def. Resp. 3-4. Importantly, Defendant does not assert that *any* fast track claims examiner in *any* office has settlement authority over $10,000. *See generally* Def. Resp. The difference in geography does not change the almost identical job duties amongst these employees, nor does it negate the "modest factual showing" required in order to have the class certified at the initial stage.

## III. DEFENDANT HAS NOT PROVIDED A SINGLE AFFIDAVIT FROM A SINGLE FAST TRACK CLAIMS EXAMINER STATING THAT HIS JOB IS IN ANY WAY DIFFERENT FROM NAMED PLAINTIFF'S JOB. NOR HAS DEFENDANT PRODUCED DOCUMENTARY EVIDENCE THAT THERE ARE ANY DIFFERENCES BETWEEN ADDISON EXAMINERS.

Defendant's response is largely predicated on the idea that the Plaintiff has failed to show that he is similarly situated to any other potential opt-in. However, Defendant, who controls all of the evidence in this FLSA case, has provided not a single declaration from a fast track claims examiner in Addison, Bala Cynwyd, or Florida, that disputes what named Plaintiff has asserted. Instead, Defendant has provided the declarations of William J. Benecke, "Executive Vice President and the Chief Claims Officer" and Roger Terry "Claims Supervisor." Importantly, neither Mr. Benecke nor Mr. Terry supervises the group of fast track claims examiners of which Plaintiff was a member.

On the other hand, Plaintiff clearly states in his declaration that "based on his experiences and/or observations, the duties of all fast track claims examiners were nearly identical." Estrada Decl. ¶ 2. Plaintiff's observation of what other fast track claims examiners did while at work is "'some evidence beyond pure speculation, of a factual nexus' between his own alleged experiences and that of the other claims examiners he seeks to establish as similarly situated." Def. Resp. at 7 quoting *Symcyzk*, 656 F.3d at 192-193; *Scott*, 2012 WL 645905 at *6. While working at Maguire, Plaintiff got to know many of his coworkers and observe their work habits. These other fast track claims examiners performed the same kinds of company-required overtime work as named Plaintiff. Plaintiff both observed the activities of his coworkers and talked with them about their complaints. Plaintiff knows his coworkers were subject to the same overtime policy through discussions with these coworkers and observing their work schedules. As already discussed, Defendant's own Response corroborates the similarities between Plaintiff and potential opt-in class members.

## IV.
## DENIAL OF CONDITIONAL CLASS CERTIFICATION WOULD FRUSTRATE THE PURPOSE OF THE STATUTE AND WOULD NOT PROMOTE JUDICIAL ECONOMY

Time is of the essence in this matter. The Court should grant class certification in order to stop the running of the statute of limitations for potential opt-in plaintiffs. If class certification is denied now, potential opt-ins will need to wait until discovery has been conducted and the named Plaintiff moves again for

conditional class certification. This is not an efficient use of judicial economies and will prejudice opt-in plaintiffs by several months while discovery is completed.[1]

V.
DEFENDANT CITES INAPPLICABLE LAW IN SUPPORT OF ITS POSITION AND HAS IMPLEMENTED A MUCH HIGHER STANDARD THAN THE "MODEST FACTUAL SHOWING" REQUIRED.

For its proposition that class certification should be denied, Defendant cites *Pfaahler v. Consultants for Architects, Inc.*, 2000 WL 198888 (N.D. Ill. Feb. 8 2000). *Pfaahler* is a case in which the defendant had designated the plaintiff as an independent contractor. The court's determination in *Pfaahler* turned on the need to make a fact-based inquiry into each potential opt-in to determine if he or she was an independent contractor. *Id.* at *2. No such inquiry is required in the present case because it does not involve misclassification of independent contractors; rather this case involves misclassification of non-exempt employees as exempt employees. Plaintiff and Defendant have both presented credible evidence that the other fast track claims examiners are similarly situated, therefore class certification is appropriate under the "modest factual showing" standard.

Defendant also cites *Burkhart-Deal*, 2010 WL 457127 to support its proposition that Plaintiff cannot demonstrate similarities between himself and potential opt-in plaintiffs that are in Florida or Pennsylvania. *Burkhart-Deal* is

[1] Plaintiff served Defendant with discovery on May 15, 2012 and should be provided with names of potential class members. *Vivone v. Acme Markets, Inc.*, 105 F.R.D. 65, 67-68 (E.D. Penn. 1985) (granting motion to compel name, address and basic employment information on potential class members, as such information would be discoverable in support of plaintiffs' individual ADEA claims)

misleading because it involves class certification under Rule 23, a much higher standard than a 216(b) FLSA class certification. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d. 1208, 1216 (11th Cir. 2001).

Defendant relies on the unsupported proposition that the Court must make a decision on the merits of this case in order to make a decision on conditional class certification. Specifically, Defendants cite Fifth Circuit case law that a claims examiner is exempt from overtime under the FLSA, and therefore, Plaintiff should not be granted conditional class certification. Again, this is a completely inappropriate inquiry for the "modest factual showing" required at the first stage of certification. Defendant cites 29 C.F.R. § 541.203, but fails to mention subsequent Department of Labor opinion letter that states, "Claims Specialist I's are covered by the minimum wage and overtime provisions of the FLSA." *Opinion Letter Fair Labor Standards Act (FLSA)*, FLSA2005-25, 2005 WL 3308596 (Cir. Ct. Aug. 26, 2005).

Clearly Defendant's assertions attempt to create a much higher standard for conditional class certification than is required under the lenient *Scott* standard. Defendant would require that the Court make pre-discovery determinations as to the merits of the Plaintiffs' claim that they are non-exempt employees rather than exempt employees prior to certifying a class. This stricter standard of proof directly undermines the broad remedial goals of the FLSA. *See Hoffman-LaRoche*, 493 U.S. at 170 ("Congress has stated its policy that [FLSA] should have the opportunity to proceed collectively.")

## VI.
## CONCLUSION

At this notice stage, the evidence far exceeds the lenient standard in showing that the proposed putative class members are "similarly situated" for purposes of collective discovery and judicial notice. The Defendant's arguments attempt to place an extensive onus on the Plaintiffs, which is unnecessary because Defendant's Response appears to agree that at least the Addison fast track claims examiners are similarly situated. As such, Plaintiffs respectfully request that this Court grant their motion for conditional class certification and judicial notice, or at a minimum approve the class as defined in Defendant's proposed notice.

Respectfully submitted,

*/s/ Caitlin Connors*

ROBERT J. WILEY
Texas Bar No. 24013750
Board Certified in Labor & Employment Law, Texas Board of Legal Specialization
Caitlin Connors
Texas Bar Number 24064124
Stacey Cho
Texas Bar Number 24063953

Law Office of Rob Wiley, P.C.
1825 Market Center Blvd., Ste. 385
Dallas, TX 75207
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
cconnors@robwiley.com
www.robwiley.com
Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I certify that on May 23, 2012, I served a copy of the foregoing on opposing counsel via first class mail and electronically.

*/s/ Caitlin Connors*