# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ESTRADA,<br>individually and on behalf of others<br>similarly situated,<br>Plaintiffs,<br>-v-<br><br>MAGUIRE INSURANCE AGENCY, INC.,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 12-604<br><br>Jury Trial Demanded |

**Plaintiff's Notice of Deposition and Subpoena Duces Tecum**

To: Defendant, Maguire Insurance Agency, by and through its attorney of record, Joshua Alloy, PROSKAUER ROSE LLP, Eleven Times Square, New York, NY 10036-8299

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff will take the deposition by oral examination and answers, under oath, of Maguire Insurance Agency to such questions as may be propounded to it.

The deposition, answers, and documentation obtained during the deposition may be used as evidence in a trial.

The deposition will be taken on November 27, 2012 at 10:00am at 1500 Market Street, Center Square, West Towers, Suite 3900, Philadelphia, PA 19102 and will continue until completed. The location of the deposition is subject to change on agreement by the parties.

Maguire Insurance Agency has designated William Benecke to testify on its behalf. Mr. Benecke is directed to testify on behalf of Maguire Insurance Agency in the following matters:

a. Plaintiff's exercise of discretion and individual judgment with regard to matters of significance. This includes but is not limited to instances where: 1) property damage totaled greater than $2000 and (a) Plaintiff did not use an appraiser or (b) there were two or more appraisals obtained, 2) Plaintiff negotiated a settlement, 3) Plaintiff

conducted an investigation as to liability, 4) Plaintiff determined liability, and/or 5) Plaintiff determined percentages of fault.

b. Defendant's employment policies and practices related to "Fast Track Claims Examiners" (Claims Examiners), including any handbooks; rules; policies; guidelines; standards; practices; training materials; the identity of individuals who provided training; and general work schedule information, if any.

c. The job duties of Claims Examiners, including their settlement authorization; the categories of claims handled; the computer software used; and standards set forth by Defendant regarding how Examiners perform their duties.

d. The differences and similarities between the job duties and responsibilities of Claims Examiners at Defendant's Texas, Florida and Pennsylvania locations.

e. The differences and similarities between the job duties and responsibilities of Plaintiff and other Claims Examiners handling "Fast Track" claims.

f. The differences and similarities between the processing or handling of "Fast Track" claims versus non-"Fast Track" claims.

g. The process by which Defendant makes determinations related to the FLSA classification of Claims Examiners.

h. The identities, training and qualifications of the individuals responsible for making such determinations for Defendant.

i. Any inquiries made by Defendant as to the "exempt v. non-exempt" status of Claims Examiners under the FLSA, including research performed or inquiries made to the Department of Labor.

j. The Defendant's corporate hierarchy.

k. Any time cards, time records, sign-in/sign-out sheets, time logs, job logs and other documents reflecting the hours typically worked by Claims Examiners.

l. The methods used in determining the salary of Claims Examiners.

m. Any and all job descriptions relating to Claims Examiners or Claims Technicians other than the job descriptions produced by Defendant in its Response to Plaintiff's First Document Requests at MAG 000288-MAG 000290 and MAG 000291-MAG 000293.

n. The hours in which the buildings of the Texas, Florida and Pennsylvania offices remained open daily.

The deposition will be recorded stenographically. The stenographic recording will be taken before a court reporter. You are invited to attend and examine the witness.

You must produce prior to the deposition a written response to Exhibit 1 and the documents requested in the exhibit.

Respectfully submitted,

Robert J. Wiley
Texas Bar No. 24013750
*Board Certified Specialist, Texas Board of Legal Specialization, Labor and Employment Law*

LAW OFFICE OF ROB WILEY, P.C.
1825 Market Center Blvd., Suite 385
Dallas, Texas 75207
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
rwiley@robwiley.com
ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2012, a copy of this Notice of Oral Deposition of Maguire Insurance Agency was served by first class mail on Joshua Alloy, PROSKAUER ROSE LLP, Eleven Times Square, New York, NY 10036-8299, counsel for Defendant.

Robert J. Wiley

EXHIBIT 1

I.
DEFINITIONS

For purposes of this letter, the terms "document," "electronically stored information," "occurrence or transaction," and "tangible thing" mean the following:

Document. The term "document" means information that is fixed in a tangible medium, such as paper. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, summaries.

Electronically stored information. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

"Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; deleted files; temporary files; system history files; Internet or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer activity logs; metadata. Unless otherwise defined, each example used to illustrate the term "electronic file" will have the meaning assigned to it by Webster's New World Computer Dictionary (10th ed. 2003).

"Electronic information system" refers to a computer system or network that contains electronic files and electronic storage. Unless otherwise defined, each example used to illustrate the term "electronic information system" will have the meaning assigned to it by Webster's New World Computer Dictionary (10th ed. 2003).

"Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated circuit cards (e.g., SIM cards), Unless otherwise defined, each example

used to illustrate the term "electronic storage" will have the meaning assigned to it by Webster's New World Computer Dictionary (10th ed. 2003).

Tangible thing. The term "tangible thing" means physical objects that are not documents or electronically stored information.

Defendant. The term "Defendant" means Maguire Insurance Agency.

Plaintiff. The term "Plaintiff" means Michael Estrada.

II.
DOCUMENTS REQUESTED

1. Any time cards, time records, sign-in/sign-out sheets, time logs, log-in/log-out records, job logs and other documents reflecting the hours typically worked by Plaintiff and other Claims Examiners working on "Fast Track" claims. In lieu of producing the above documents, provide an accounting of the actual number of hours worked by Plaintiff that would have been compensable had he been a non-exempt employee.

2. Any form letters used by Claims Examiners, including all forms referenced at MAG 000107 of Defendant's Response to Plaintiff's First Document Requests.

3. The total loss worksheet form created by Plaintiff as described at MAG 000107 of Defendant's Response to Plaintiff's First Document Requests.

4. Any manuals for all software programs Claims Examiners used, including but not limited to Job Aid, ImageRight, and APPS.

5. All documents relating to negotiation, determination of total loss, appraisals, settlement of claims and determination of liability which are found in the "Training Library" by selecting "Explore Training Library" as shown at MAG 000204 of Defendant's Response to Plaintiff's First Document Requests.

6. The Acord Form discussed at MAG 000244 of Defendant's Response to Plaintiff's First Document Requests.

7. Any other job descriptions not yet produced relating to Claims Examiners or Claims Technicians that are similar to the job descriptions produced by Defendant in its Response to Plaintiff's First Document Requests at MAG 000288-MAG 000290 and MAG 000291-MAG 000293.

8. Any description, formal or informal, of the Fast Track Auto Examiners Group, as shown at MAG 000294 of Defendant's Response to Plaintiff's First Document Requests.

9. Un-redacted copies of all of the documents produced in discovery, specifically MAG 000294- MAG 000327. Even if the above documents are not produced, anticipate the

need to review them in order to answer questions. To the extent that Defendant asserts that any of the requested documents are protected by the attorney-client privilege, produce a privilege log.

10. Any relevant data from APPS, ImageRight, or Job Aid reflecting instances in which Plaintiff made a judgment call.

11. Any documents relating to the classification of Claims Examiners as exempt.

12. Any correspondence with the Department of Labor by the Defendant or any other entity identified at MAG 000010 of Defendant's Response to Plaintiff's First Document Requests.

13. All documents referenced in Defendant's Response to Interrogatory No. 6 of Plaintiff's First Set of Interrogatories.

14. The Philadelphia Insurance Companies Claims Metrics Report as produced in Defendant's Response to Plaintiff's First Document Requests at MAG 000294-000327 dated from 12/30/11 to the date of the deposition.

15. Any documents relating to negotiations in which Plaintiff participated.

16. Any documents used in classifying Plaintiff as exempt.