IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ESTRADA, individually and on behalf of others similarly situated, | ) ) ) |
| | ) CIVIL ACTION NO. 12-604 |
| Plaintiff, | ) ) ECF CASE |
| v. | ) ) |
| MAGUIRE INSURANCE AGENCY, INC., | ) ) ) |
| Defendant. | ) ) ) |

### DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST DOCUMENT REQUESTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules for the District Court for the Eastern District of Pennsylvania, Defendant Maguire Insurance Agency, Inc. ("Defendant" or "Maguire"), by and through its undersigned counsel, hereby submits its objections and responses to Plaintiff Michael Estrada's First Document Requests ("Requests").

### GENERAL OBJECTIONS

Defendant objects to Plaintiff's Requests on each of the following grounds, which apply and are expressly made part of Defendant's specific responses, set forth below, to each individual document demand.

      A.      Defendant generally objects to the Requests, and the definitions and/or instructions associated therewith, to the extent that they purport to impose requirements that exceed those imposed by the Federal Rules of Civil Procedure and/or the Local Civil Rules for the District Court for the Eastern District of Pennsylvania.

      B.      Defendant generally objects to the Requests to the extent that they would require that Defendant create any document not in existence at the time of Defendant's responses or to produce documents that are no longer or that never were in Defendant's possession, custody, or control.

      C.      Defendant generally objects to the Requests to the extent they impose discovery obligations on any person or entity that is not a party to the litigation.

      D.      Defendant objects to the Requests to the extent that they seek information and/or documentation prior to February 3, 2009 and that are therefore beyond the scope of any applicable statute of limitations period(s). Accordingly, to the extent that a Request does not specify a time period for the information and/or documentation requested or seeks information and/or documentation prior to February 3, 2009, Defendant objects and Defendant's response is limited to the time period of February 3, 2009 to present.

      E.      Defendant objects to the Requests to the extent they seek electronically stored information that is not reasonably accessible because of the undue burden and cost associated with retrieving and providing this information.

      F.      Defendant generally objects to the Requests to the extent that they call for the disclosure or production of documents that contain or constitute confidential, proprietary business information and/or confidential personal information relating to, among other things, Defendant's business operations or individuals and/or corporate entities that are not parties to this action. To the extent Defendant agrees to the disclosure or production of such documents or information, such production shall be subject to the parties' execution of an appropriate Stipulation and Order Regarding Confidential Information.

G. All documents are identified and/or produced without admitting the authenticity, materiality, relevancy, or admissibility of any document, and all objections to their use or to further production are hereby expressly reserved.

H. By responding to and/or producing documents in response to any of the document requests, Defendant does not waive its right to object to the use of any such responses, documents, or the information contained therein during any subsequent proceeding for any reason, including but not limited to relevancy objections.

I. The inadvertent or mistaken production of documents or information subject to the protections of the attorney-client privilege, work-product doctrine, or other privilege shall not constitute a general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications. All such inadvertently produced documents shall be returned to Defendant's counsel along with any copies thereof.

J. To the extent additional documents or information are/is discovered, Defendant reserves the right to supplement its responses to the Requests and to assert additional objections.

K. In addition to Defendant's General Objections, which Defendant hereby incorporates by reference into every response to every Request herein, Defendant has Specific Objections to the Requests as set forth below. By stating these Specific Objections, Defendant does not waive any of its General Objections.

## REQUESTS FOR DOCUMENTS

**Request For Production No. 1:**

Please produce all documents that you reviewed in responding to discovery requests in this case.

> **Objections & Response to Request for Production No. 1:**
>
> In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, premature, not probative of Plaintiff's claims, seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of the Court's discovery order. Defendant also objects to this Request to the extent it calls for the production of documents and/or information protected by the attorney-client and/or attorney work product privileges.
>
> Notwithstanding these objections and the General Objections, and without prejudice thereto, Defendant will produce non-privileged documents reviewed in responding to Plaintiff's discovery requests to the extent they are relevant to the claims and/or defenses in this action.

**Request For Production No. 2:**

Please produce all documents describing or identifying the job description(s) of the individuals identified in Interrogatory No. 2.

> **Objections & Response to Request for Production No. 2:**
>
> In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, premature, not probative of Plaintiff's claims, seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of the Court's discovery order. Additionally, Defendant objects to this Request because it makes improper inferences in that it assumes that Defendant maintains a "fast track claims examiner" position. Defendant also

4

objects to this Request to the extent it calls for the production of documents and/or information protected by the attorney-client and/or attorney work product privileges.

Notwithstanding these objections and the General Objections, and without prejudice thereto, Defendant will produce a job description for Plaintiff's former position as a Claims Examiner in the Addison, Texas office.

**Request For Production No. 3:**

Please produce all time cards, time records, sign-in/sign-out sheets, time logs, job logs, and other documents reflecting the hours worked by any individuals whom performed jobs in which they worked as a fast track claims examiners from February 3, 2009 to time of trial.

**Objections & Response to Request for Production No. 3:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, premature, not probative of Plaintiff's claims, seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, and is outside of the scope of the Court's discovery order.

Notwithstanding these objections and the General Objections, and without prejudice thereto, Defendant will produce relevant and non-privileged e-mails reflecting the hours worked by Plaintiff, as well as reports from Defendant's APPS and ImageRight systems reflecting login times and/or data entry times for Plaintiff.

**Request For Production No. 4:**

Please produce all paycheck stubs or other pay records from February 3, 2009 to time of trial concerning the individuals you identified in your response to Interrogatory No. 2.

**Objections & Response to Request for Production No. 4:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, premature, seeks information that is neither relevant to

the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, and is outside the scope of the Court's discovery order.

Notwithstanding these objections and the General Objections, and without prejudice thereto, Defendant will produce Plaintiff's pay records.

**Request For Production No. 5:**

Please produce all job descriptions for any position that included fast track claims examiners.

**Objections & Response to Request for Production No. 5:**

See Defendant's Objections & Response to Request for Production No. 2.

**Request For Production No. 6:**

Please produce any document concerning any policy or practice applicable to fast track claims examiners in effect from February 3, 2009 to time of trial.

**Objections & Response to Request for Production No. 6:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, premature, seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, and is outside the scope of the Court's discovery order. Additionally, Defendant objects to this Request because it makes improper inferences in that it assumes that Defendant maintains a "fast track claims examiner" position. Defendant also objects to this Request to the extent it calls for the production of documents and/or information protected by the attorney-client and/or attorney work product privileges.

Notwithstanding these objections and the General Objections, and without prejudice thereto, Defendant will produce relevant written employment policies and practices applicable to Plaintiff and/or Claims Examiners working on fast track auto claims, including Defendant's Employee Handbook, Claims Handling Guidelines, and training materials.

**Request For Production No. 7:**

Please produce all documents concerning correspondence between the Defendant and the Department of Labor concerning your pay practices, overtime pay practices, comp time pay, or minimum wage payments from February 3, 1999 to time of the trial.

### Objections & Response to Request for Production No. 7:

In addition to the General Objections, Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, premature, not probative of Plaintiff's claims, seeks information outside the applicable statute of limitations, seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, and is outside the scope of the Court's discovery order.

Notwithstanding these objections and the General Objections, and without prejudice thereto, Defendant states that there are no documents concerning correspondence between the Defendant and the United States Department of Labor regarding Defendant's pay practices, overtime pay practices, comp time pay, or minimum wage payments with respect to Claims Examiners working on fast track auto claims.

**Request For Production No. 8:**

Please produce any employee handbook in use at any of your worksites from February 3, 2009 to time of the trial.

### Objections & Response to Request for Production No. 8:

In addition to the General Objections, Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, premature, not probative of Plaintiff's claims, seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, and is outside the scope of the Court's discovery order.

Notwithstanding these objections and the General Objections, and without prejudice thereto, Defendant will produce its Employee Handbook applicable to Plaintiff and/or Claims Examiners working on fast track auto claims.

**Request For Production No. 9:**

Please produce any records, job-logs, or any other documents that contain a record of assignments given or performed as fast track claims examiners from February 3, 2009 to time of the trial.

### Objections & Response to Request for Production No. 9:

In addition to the General Objections, Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not probative of Plaintiff's claims, premature, seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, and is outside the scope of the Court's discovery order. Additionally, Defendant objects to this Request because it makes improper inferences in that it assumes that Defendant maintains a "fast track claims examiner" position.

Notwithstanding these objections and the General Objections, and without prejudice thereto, Defendant will produce a Claim Count Report for Plaintiff for each month between January 2009 and December 2011.

**Request For Production No. 10:**

Please produce any records relating to any of your documents or files that have been destroyed or disposed of from February 3, 2009 to time of the trial.

### Objections & Response to Request for Production No. 10:

In addition to the General Objections, Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not probative of Plaintiff's claims, premature, and seeks information that is neither relevant to the claim or defense of any party nor

reasonably calculated to lead to the discovery of admissible evidence, and is outside the scope of the Court's discovery order. Defendant also objects to this Request to the extent it calls for the production of documents and/or information protected by the attorney-client and/or attorney work product privileges.

Notwithstanding these objections and the General Objections, and without prejudice thereto, and with the exception of documents that may have been deleted, destroyed or disposed of in the ordinary course of business prior to the commencement of this litigation, Defendant states that it is unaware of any relevant documents, electronic or otherwise, that have been destroyed or disposed.

**Request For Production No. 11:**

Please produce any file indexes, directions, or instructions you give to your employees regarding the review, preservation, or destruction of any documents from February 3, 2009 to time of the trial.

### Objections & Response to Request for Production No. 11:

In addition to the General Objections, Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not probative of Plaintiff's claims, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it calls for the production of documents and/or information protected by the attorney-client and/or attorney work product privileges.

Notwithstanding these objections and the General Objections, and without prejudice thereto, Defendant will produce relevant and non-privileged policies, procedures, or communications, if any, provided to Claims Examiners working on fast track auto claims and/or their supervisors, regarding the review, preservation, or destruction of documents.

**Request For Production No. 12:**

Please produce all billing statements that Defendant's attorneys have generated for work done regarding this lawsuit. Descriptions of work performed may be redacted from the documents produced.

**Objections & Response to Request for Production No. 12:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is not probative of Plaintiff's claims and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it calls for the production of documents and/or information protected by the attorney-client and/or attorney work product privileges.

**Request For Production No. 13:**

Please produce documents indicating the number of hours that the Defendant's attorneys have spent working on this lawsuit. The Plaintiff does not request a description of the work done, merely the portion of timesheets or bills that reflect the number of hours Defendant's attorneys have worked, whether billed or not.

**Objections & Response to Request for Production No. 13:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is not probative of Plaintiff's claims and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it calls for the production of documents and/or information protected by the attorney-client and/or attorney work product privileges.

**Request For Production No. 14:**

Please produce all documents identified or used in responding to interrogatories that may not be covered by any other request made herein.

**Objections & Response to Request for Production No. 14:**

In addition to the General Objections and Defendant's Objections and Answer to Interrogatory No. 2 (which is incorporated herein), Defendant objects to this Request on the grounds that it is overbroad, not probative of Plaintiff's claims, premature, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it calls for the production of documents and/or information protected by the attorney-client and/or attorney work product privileges.

Notwithstanding these objections and the General Objections, and without prejudice thereto, Defendant will produce any relevant and non-privileged documents identified in or relied upon to answer interrogatories to the extent not already produced in response to a previous request.

**Request For Production No. 15:**

Please produce all documents that may be offered into evidence at trial or depositions or may be used to refresh the recollection of a witness at depositions or trial.

**Objections & Response to Request for Production No. 15:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, speculative, and premature.

Notwithstanding these objections and the General Objections, and without prejudice thereto, see documents produced in response to previous requests.

**Request For Production No. 16:**

Please produce all statements of witnesses or potential witnesses or persons interviewed in connection with this case.

**Objections & Response to Request for Production No. 16:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, not probative of Plaintiff's claims, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it calls for the production of documents and/or information protected by the attorney-client and/or attorney work product privileges.

Notwithstanding these objections and the General Objections, and without prejudice thereto, there are currently no relevant and non-privileged documents responsive to this request.

**Request For Production No. 17:**

Please produce all documents relied upon or reviewed by your expert witnesses in forming his/her opinions in this matter.

**Objections & Response to Request for Production No. 17:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is premature.

Notwithstanding these objections and the General Objections and without prejudice thereto, Defendant will provide expert disclosures and related documents in the time and manner that is in accordance with the Federal Rules of Civil Procedure and this Court's scheduling order.

**Request For Production No. 18:**

Please produce any investigations, audits, reports, concerning compensation, overtime, independent contractors, exempt employees, non-exempt employees, the Fair Labor Standards Act, pay policies, lunch breaks, and their related documents and data.

**Objections & Response to Request for Production No. 18:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not probative of Plaintiff's claims,

seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, and is outside the scope of the Court's discovery order. Defendant also objects to this Request to the extent it calls for the production of documents and/or information protected by the attorney-client and/or attorney work product privileges.

Dated: September 21, 2012

Respectfully submitted,

PROSKAUER ROSE LLP

/s/ Joshua F. Alloy

Joshua F. Alloy, admitted *pro hac vice*
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, D.C. 2004
Tel: (202) 416-5876
Fax: (202) 416-6899
jalloy@proskauer.com

Elise M. Bloom, admitted *pro hac vice*
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3000
Fax: (212) 969-2900
ebloom@proskauer.com

Amanda D. Haverstick
Attorney ID 85069
One Newark Center
Newark, NJ 07102
Tel: (973) 274-3200
Fax: (973) 274-3299
ahaverstick@proskauer.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via first-class mail and by electronic mail, on September 21, 2012 upon:

>Caitlin Connors, Texas Bar No. 24064124
>ROB WILEY, P.C.
>1825 Market Center Blvd., Ste. 385
>Dallas, Texas 75207
>Telephone: (214) 528-6500
>Facsimile: (214) 528-6511
>cconnors@robwiley.com
>
>*Attorneys for Plaintiff*

By:   /s/ Joshua F. Alloy