ROBERT J. WILEY
Board Certified Specialist, Labor and Employment
Law, Texas Board of Legal Specialization
Licensed in California, Texas, and Washington, D.C.

GREGORY A. PLACZEK, Trial Lawyer
Licensed in Texas and Missouri

JUSTIN G. MANCHESTER, Trial Lawyer
Licensed in Texas

COLIN W. WALSH, Trial Lawyer
Licensed in Texas

JESSICA COHEN, Trial lawyer
Licensed in Texas, New Jersey,
and Pennsylvania

CASEY M. RANSOM, Trial lawyer
Licensed in Texas

STACY L. COLE, Trial lawyer
Licensed in Texas



ROB WILEY, P.C.
TRIAL LAWYERS
DALLAS • SAN ANTONIO • AUSTIN
WWW.ROBWILEY.COM

DALLAS-FORT WORTH OFFICE
1825 Market Center Blvd., Ste. 385
Dallas, Texas 75207
Telephone: (214) 528-6500
Facsimile: (214) 528-6511

SAN ANTONIO OFFICE
1100 NW Loop 410, Ste. 700
San Antonio, Texas 78213
Telephone: (210) 319-4414
Facsimile: (210) 881-6755

AUSTIN OFFICE
1011 San Jacinto Blvd., Ste. 401
Austin, TX 78701
Telephone: (512) 271-5527
Facsimile: (512) 287-3084

TOLL FREE: (800) 313-4020

December 20, 2012

Joshua F. Alloy
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004-2533

    Re:    Michael Estrada v. Maguire Insurance Agency, Inc.

Dear Mr. Alloy:

    I am writing you pursuant to Federal Rule 37. As you know, the plaintiff noticed the deposition of the corporate representative pursuant to Rule 30(b)(6). The notice contained a subpoena duces tecum and specifically identified those matters on which the corporate representative would be expected to testify. At the deposition, there was no written response to the subpoena duces tecum. Further, the witness was wholly unprepared to testify with any personal knowledge of the day-to-day activities of Fast Track Auto Claims Adjusters. Specifically, the corporate representative was unwilling and/or unable to testify concerning any Fast Track claims adjuster other than Mr. Estrada.

    The Court ordered the parties to engage in discovery so that a motion for conditional class certification could be filed. The issue in such a motion is whether a plaintiff is "similarly situated" to other Fast Track claims adjusters. The actions of the defendant are an intentional and knowing attempt to avoid responding to the very discovery ordered by this court.

    This letter is our attempt in good faith to obtain the disclosures or discovery without court action. In the event that court intervention is necessitated, we will be asking the court for the following: (1) a court ordered second deposition of the corporate representative (or knowledgeable individual acting as the corporate representative) where the deponent will be ordered to respond appropriately; (2) a written response to the subpoena duces tecum; (3) fees and costs associated with the taking of the deposition of the corporate representative; and (4) in the alternative, granting conditional class certification, striking defendant's affirmative defenses and/or rendering a default judgment in favor of plaintiff.

    Because our motion is due on January 7, 2013, I request that you respond in writing to this request within ten (10) days.

December 20, 2012
Page 2

    Please do not hesitate to contact me at the Dallas office if you have any questions.

                                            Sincerely yours,
                                            ROB WILEY, P.C.

                                            By:   Jessica Cohen
                                                    jcohen@robwiley.com
                                                    (214) 528-6500

cc:    Mr. Estrada
        file