Proskauer Rose LLP  1001 Pennsylvania Avenue, NW Suite 400 South  Washington, DC 20004-2533

Joshua F. Alloy
Special Labor & Employment Law Counsel
d 202.416.5876
f 202.416.6899
jalloy@proskauer.com
www.proskauer.com

December 28, 2012

**BY E-MAIL**

Robert J. Wiley
Jessica M. Cohen
Law Office of Rob Wiley, P.C.
1825 Market Center Blvd., Suite 385
Dallas, Texas 75207

Re: *Estrada v. Maguire Insurance Agency, Inc.*; Civil Action No. 12-604

Dear Mr. Wiley:

We write in response to your letter dated December 20, 2012, which we only just received on Wednesday. First, Maguire recently served responses and objections to Plaintiff's Second Set of Document Requests, and Plaintiff's Second Set of Interrogatories. These requests and interrogatories are identical to the categories of documents and information requested in the corporate subpoena duces tecum, and therefore, Defendant's responses and objections are identical.

Second, subject to its objections, Defendant has now produced all documents relevant and responsive to Plaintiff's second set of document requests (including documents requested in the subpoena duces tecum), including, without limitation, all of Plaintiff's claim notes, all reports of Plaintiff's log-in and usage of the APPs and Image Right systems, all of Plaintiff's e-mails sent outside of regular work hours, the total loss worksheet created by Plaintiff, and the total loss form letter and Acord Form used by Plaintiff.

Third, following receipt of Plaintiff's 30(b)(6) deposition notice, including the subpoena duces tecum, I had several phone conversations – i.e., "meet and confers" – with your associate, Jessica Cohen, to work through Defendant's objections to the deposition notice, subpoena, and second set of discovery requests, and attempt to come to an agreement on Defendant's obligations and responses and to avoid unnecessary written correspondence, responses and replies. In particular, I reiterated Defendant's objection to identifying, producing or having Mr. Benecke testify about the names and addresses of other claims examiners, based on Defendant's position that such information is outside the scope of the Court's Discovery Order and the fact that Plaintiff's request was explicitly briefed by the parties and rejected by the Court. Ms. Cohen and I also came to several other agreements concerning written discovery and deposition topics, including the time to respond, when and how to produce and confidentially designate Mr.

# Proskauer»

Robert J. Wiley
December 28, 2012
Page 2

Estrada's claim notes and e-mails, questions concerning Maguire's corporate structure, and several other topics in the 30(b)(6) notice, subpoena, and second set of discovery requests.

Fourth, we disagree with your contention that Mr. Benecke was "wholly unprepared to testify with any personal knowledge of the day-to-day activities of Fast Track Auto Claims Adjusters." Mr. Benecke testified on behalf of Maguire as its corporate representative, and in any event, repeatedly testified about the job duties of Claims Examiners generally, and Mr. Estrada particularly, based in no small part on his own personal knowledge. This was entirely consistent with the relevant topics identified in the 30(b)(6) notice, in particular "the job duties of Claims Examiners." (subtopic c). Indeed, the only subject Mr. Benecke was not willing to testify to, based on Defendant's longstanding objections and the scope of the Court's Discovery Order, was the names or identities of other Claims Examiners.

In any event, we are more than willing to engage in further discussions to the extent you believe that additional relevant and responsive discovery exists that has not already been produced. Please feel free to call me at your earliest convenience.

Sincerely,

*[signature]*

Joshua F. Alloy