IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ESTRADA, individually and on behalf of others similarly situated,<br><br>PLAINTIFF,<br><br>v.<br><br>MAGUIRE INSURANCE AGENCY, INC.,<br><br>DEFENDANT. | CIVIL ACTION NO. 12-604<br><br>JURY TRIAL DEMANDED<br><br>**FILED**<br><br>JAN 3 0 2013<br><br>MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Michael Estrada has propounded discovery requests calling for the production of Maguire Insurance Agency, Inc., personnel records, policies, investigative files, procedures, e-mails, and other documents which constitute proprietary confidential information, and which information may implicate the privacy rights of nonparties, and whereas the parties may request in the future production of such information from nonparties as well as each other, it is therefore stipulated and agreed that discovery in the above-captioned matter shall be subject to the following restrictions:

1. Any document, group of documents, or other information produced by any party which is designated **CONFIDENTIAL** shall be subject to the provisions of this Stipulated Protective Order. A party may designate documents or other information **CONFIDENTIAL** only if it believes in good faith that it contains or reflects confidential business, financial, medical, personal, or proprietary information, information impacting the privacy of individual nonparties or current or former employees, customers, clients, or confidential information related to Defendant Maguire Insurance Agency Inc.'s operations and/or workforce. If any nonproducing party wishes to remove such designation it shall have the burden of identifying the document or group of documents and raising the issue. The parties shall then confer informally to attempt to resolve any dispute over the classification of a document or group of documents. The information shall remain Confidential pending disposition of the designation before the Court.

2. Any documents, interrogatory answers, responses to requests for admission, affidavits, pleadings, or deposition testimony may be designated **CONFIDENTIAL** by stamping the word **CONFIDENTIAL**, or words of like import, on each page to be designated, or by designating the cover page or the first page of a group of documents as **CONFIDENTIAL** and such designation

shall apply no only to the original but also to all copies, excerpts and summaries thereof.

3. A party producing documents shall use its best efforts to designate them **CONFIDENTIAL** at the time they are produced or copied. Designation of testimony can be made on the Record, if possible, but can also be made by providing written notice of such designation to Plaintiff or opposing counsel for Defendant within thirty (30) days of receipt of the transcribed testimony by Plaintiff and Defendant. Until thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the parties as Confidential. Failure to designate a document or information as **CONFIDENTIAL** shall not constitute a waiver of the disclosing party's right to later designate such document **CONFIDENTIAL**.

4. Except as provided in paragraph 5 below, or as may be otherwise agreed upon by counsel for the parties, attorneys for the parties and/or their staff shall at all times have and maintain physical custody and control over all confidential documents and other information and shall be responsible for ensuring that such confidential matter does not leave their custody and is not disclosed orally. Failure to make diligent efforts to do so shall be grounds for imposition of sanctions at the discretion of the Court.

5. Access to and/or knowledge designated **CONFIDENTIAL** shall be limited to the following categories of persons:

    a. the attorneys of record for the parties, including regularly employed persons in their offices;

    b. the parties and, in the case of Defendant, its employees, agents, and representatives who have a need to know for litigation purposes or if access is reasonably necessary for trial preparation;

    c. subject to the conditions of paragraph 6 below, any experts, investigators, or consultants expressly retained by such attorneys for the purpose of assisting in the preparation of this case for trial, such as accountants, economists, statisticians, and private investigators;

    d. subject to the conditions of paragraph 6 below, any person who may be a witness in the case, if reasonably necessary in preparation for or the questioning at deposition or trial;

    e. any judicial officers or court reporters whose function is necessary to conduct this litigation;

    f. subject to the conditions of paragraph 6 below, any other person consented to by the designating party.

6. Prior to the disclosure of any **CONFIDENTIAL** information to any person within categories (c) or (e) of Paragraph 5 above, a party shall instruct the person to whom disclosure is being given:

    a. that **CONFIDENTIAL** information will neither be disclosed to nor discussed with persons not authorized to have access to such information;

    b. that no copies or other reproductions of the **CONFIDENTIAL** information shall be made by such persons.

    Such persons to whom disclosure is made shall sign a statement in the form attached hereto as Exhibit A agreeing to be bound by the terms of this Order.

7. Subject to the provision set forth below, persons enumerated in the foregoing categories may use **CONFIDENTIAL** information only for the purpose of preparing this case for trial and/or settlement and not for any other purpose and may not reveal the information to others.

8. The confidentiality provisions of this Order do not apply to documents or information filed with local, state, or federal agencies or foreign governments or considered public records under the laws of the particular jurisdiction, or otherwise disclosed to the public.

9. Nothing herein shall in any respect constitute a waiver of any attorney-client, work product, or other privilege of any party.

10. Nothing herein shall in any respect affect the admissibility of any designated confidential document.

11. Within sixty (60) days after the final resolution of this Litigation, including any appellate proceeding, Plaintiff shall return all documents, including all copies of documents, designated by Defendant Maguire Insurance Agency Inc. as **CONFIDENTIAL**, to the attorneys of record for Maguire Insurance Agency Inc. upon request by Defendant Maguire Insurance Agency Inc. or by Defendant Maguire Insurance Agency Inc.'s attorneys.

12. The Court retains the right to allow disclosure of any subject covered by this Stipulated Protective Order or to modify this Stipulated Protective Order at any time in the interest of justice.

AGREED AND APPROVED BY:

_____
Robert J. Wiley
Texas Bar No. 24013750
*Board Certified in Labor & Employment Law, Texas Board of Legal Specialization*
Jessica Cohen
Texas Bar No. 24082838

Law Office of Rob Wiley, P.C.
1825 Market Center Blvd., Ste. 385
Dallas, TX 75207
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
jcohen@robwiley.com
www.robwiley.com

**Attorneys for Plaintiff**

_____
Joshua F. Alloy, admitted *pro hac vice*
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, D.C. 20004
Tel: (202) 416-5876
Fax: (202) 416-6899
jalloy@proskauer.com

Elise M. Bloom, admitted *pro hac vice*
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3000
Fax: (212) 969-2900
ebloom@proskauer.com

Amanda D. Haverstick
Attorney ID 85069
One Newark Center
Newark, NJ 07102
Tel: (973) 274-3200
Fax: (973) 274-3299
ahaverstick@proskauer.com

**Attorneys for Defendant**

SO ORDERED on January 30, 2013

_____
Hon. Mitchell S. Goldberg
United States District Court Judge