# Exhibit 4

# Plaintiff Michael Estrada's Responses to Defendant's First Set of Interrogatories

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ESTRADA, individually and on behalf of others similarly situated,<br><br>PLAINTIFF,<br><br>v.<br><br>MAGUIRE INSURANCE AGENCY, INC.,<br><br>DEFENDANT. | CIVIL ACTION NO. 12-604<br><br>JURY TRIAL DEMANDED |

<u>PLAINTIFF MICHAEL ESTRADA'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES</u>

TO: Defendant, Maguire Insurance Agency, by and through it's attorney of record Joshua F. Alloy, PROSKAUER ROSE LLP, 1001 Pennsylvania Ave, N.W. Suite 400 South, Washington, DC 20004-2533

NOW COMES Plaintiff, Michael Estrada, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, files this, his Responses to the Defendant's First Set of Interrogatories and responds as follows:

<u>RESPONSES TO INTERROGATORIES</u>

<u>INTERROGATORY NO. 1</u>:

Identify each and every person who has knowledge or information concerning Plaintiff's claim that he was not paid overtime wages to which he was allegedly entitled while employed by Defendant.

<u>RESPONSE</u>:

Plaintiff objects as overly broad. Plaintiff objects to the extent that such information is outside the knowledge of the Plaintiff. Plaintiff also objects to the extent that such information has previously been provided in Plaintiff's disclosures and incorporates those answers into this response. Subject to those objections, Plaintiff responds as follows: Michael Estrada, Vicki Manning, Shakelia Hayes, Marvel Webb, Craig Ollek, Tamisha Williams, Andrew Campbell, Timothy Griffin, Danielle Falcone, Karen Schramm and others in the Fast Track groups within the offices in Philadelphia and other states.

**INTERROGATORY NO. 2**:

Identify all similarly situated employees as referenced in Paragraph 2 of the Complaint.

**RESPONSE**:

Plaintiff objects to the extent that such information is outside the knowledge of the Plaintiff. Subject to that objection, to Plaintiff's knowledge the following persons exist who would be similarly situated, however, a complete list would be in the possession of the Defendant: Michael Estrada, Vicki Manning, Shakelia Hayes, Marvel Webb, Craig Ollek, and others in the Fast Track groups within the offices in Philadelphia and other states to whose names the Plaintiff does not have access.

**INTERROGATORY NO. 3**:

Identify each and every person who has knowledge or information

concerning Plaintiff's claim that all other Claims Examiners employed by Defendant in the "fast track auto department" and/or all other Claims Examiners who work exclusively on fast track auto matters are "similarly situated" to Plaintiff.

**RESPONSE:**

Plaintiff objects to this interrogatory as overly broad and compound. Plaintiff objects to the extent that such information is outside the knowledge of the Plaintiff. Subject to those objections: Michael Estrada, Vicki Manning, Shakelia Hayes, Marvel Webb, Craig Ollek, and others in the Fast Track groups within the offices in Philadelphia and other states whose names Plaintiff does not have.

**INTERROGATORY NO. 4:**

Identify each and every person that Plaintiff or his representative(s) and/or agent(s) has contacted, interviewed and/or communicated with during any investigation concerning or in connection with or relating to this matter, and state the date of each such contact, interview or communication, identify any and all witnesses thereto, and identify any and all documents relating to or reflecting the information requested in this Interrogatory, including but not limited to documents obtained from such persons.

**RESPONSE:**

Plaintiff objects to this question as compound and containing multiple interrogatories. Plaintiff objects and asserts Attorney Client Privilege and

Work Product Doctrine. Subject to those objections, Plaintiff will produce Declarations of Michael Estrada.

### INTERROGATORY NO. 5:

Identify each and every member of potential member of the purported FLSA class who has signed a declaration, affidavit, or other written statement, or who has completed a survey, concerning any of the claims raised in the Complaint.

### RESPONSE:

Plaintiff objects and asserts Attorney Client Privilege and Work Product Doctrine. Plaintiff is unaware of any other such individual who has signed any such document.

### INTERROGATORY NO. 6:

State separately and with specificity each category of damages alleged in this action, including, but not limited to: (a) the amount claimed; (b) the method of calculation and components of such claim; and (c) the period of time covered by such claim, for Plaintiff, and any putative collective action members.

### RESPONSE:

Plaintiff objects to the extent that this request requires the Plaintiff to marshal all of his evidence as if at trial. Furthermore, Plaintiff objects to the extent that certain materials are in the possession of Defendant to produce such an accurate calculation. At this time the Plaintiff is able to respond as

follows regarding his damages: The Plaintiff worked approximately 3 to 4 hours of overtime per week in 2009, 5 to 6 hours of overtime per week in 2010, and approximately 7 to 10 hours of overtime per week in 2011. These calculations are based on the Plaintiff's personal knowledge of the hours he worked as well as the number of claims received in each year (2010, 965 claims; 2011, 807 claims from January to June) which are recorded in an excel form created for Tamisha Williams. The Plaintiff seeks one and one half his regular rate for each hour of overtime worked. The Plaintiff also seeks an amount equal to this unpaid overtime wages in the form of liquidated damages. The Plaintiff also seeks his attorney fees. The Plaintiff seeks damages for the time period of three years prior to the filing of this suit and through the end of his employment with the Defendant. The Plaintiff is unable to ascertain the potential Opt-In member's damages at this time.

**INTERROGATORY NO. 7**:

Identify any and all documents on which the computation of damages is based.

**RESPONSE**: Plaintiff objects to the extent that any of the requested documents are protected by attorney-client privilege or the attorney work product doctrine. Plaintiff has based this computation of damages on the following documents: Excel documents located in a folder entitled "EXCEL Files", which have been produced, that describe the amount of claims

received per year and the amount of time required to work in order to maintain a company expected closing ratio of 95% per month.

### INTERROGATORY NO. 8:

Identify each week referred to in Paragraphs 4 and 8 of the Complaint in which Plaintiff allegedly worked in excess of 40 hours, and for each such week, identify the number of and the specific hours Plaintiff worked.

### RESPONSE:

Plaintiff objects to the extent that such information is outside the knowledge of the Plaintiff. Plaintiff was not required to keep track of his hours each week by the Defendant. Therefore, Plaintiff is unable to reconstruct a week to week calculation of the hours worked. Plaintiff has provided a good faith estimate to the best of his knowledge as to the hours worked and overtime hours worked for the time period he is claiming overtime damages. See answer to Interrogatory 6.

### INTERROGATORY NO. 9:

For each week in which Plaintiff worked in excess of 40 hours, as alleged in Paragraphs 4 and 8 of the Complaint, identify each and every employee of Defendant who had knowledge that Plaintiff worked in excess of 40 hours that week.

### RESPONSE:

Plaintiff objects as overly broad. Plaintiff objects to the extent that such information is outside the knowledge of the Plaintiff. Upon information

and belief, Plaintiff's co-workers would have knowledge of the Plaintiff having worked overtime because they also worked overtime. Furthermore, upon information and belief, the Plaintiff's supervisor was aware that the Plaintiff was working from home in order to maintain the required 95% close ratio.

**INTERROGATORY NO. 10**:

Identify each and every person who has knowledge or information concerning the number of hours that Plaintiff worked for Defendant.

**RESPONSE**:

Plaintiff objects as overly broad. Plaintiff objects to the extent that such information is outside the knowledge of the Plaintiff. Upon information and belief, Plaintiff's co-workers would have knowledge of the Plaintiff having worked hours in office because they saw him, and because they were also working overtime. Furthermore, upon information and belief, the Plaintiff's supervisor was aware that the Plaintiff was working in office because the supervisor witnessed such work, and was aware the Plaintiff was working from home in order to maintain the required 95% close ratio. Plaintiff would also assume that those he came in to contact with in the office or over the phone would have knowledge that he was working.

**INTERROGATORY NO. 11**:

Identify any documents, including, but not limited to any e-mail, note, letter, memorandum, statement, affidavit, tape recording and/or sound

recording sent to or received from any person, concerning any of the facts and/or matters alleged in the Complaint.

**RESPONSE**: Plaintiff objects to the extent that this interrogatory is over broad and vague. The request does not reasonably identify what materials it is seeking. The request would require the Plaintiff to marshal all of his evidence as if at trial. This request also seeks information that is protected by the attorney work product doctrine, ie. which documents the Plaintiff's attorney considers relevant to proving the Plaintiff's claims and why. Though the request is overbroad and vague, the Plaintiff responds by directing the Defendant to the materials and documents produced by Plaintiff along with these responses and the response to Defendant's Request for Production.

**INTERROGATORY NO. 12:**

With respect to each individual who Plaintiff discloses as an expert witness, in addition to the information required to be disclosed by Rule 26(a)(2) of the Federal Rules of Civil Procedure, identify: (a) the expert's present address or residence, or the expert's last known address or residence if present address is unknown; (b) the expert's present place of employment, or the expert's last known place of employment if present place of employment is unknown; (c) the qualifications of the expert; (d) all publications authored by the expert, including but not limited to, published articles and/or books; (e) the employment history of the expert; (f) the

compensation the expert is to be paid for the report and testimony; (g) a listing of any other cases in which the expert has testified as an expert at trial or by deposition within the preceding four years; and (h) the subject matter about which the expert expects to testify.

**RESPONSE:**

Plaintiff objects to the extent that the request seeks information not the possession of the Plaintiff. Furthermore, Plaintiff objects to the extent that the request seeks to compel more information than the Plaintiff is required to provide under the Federal Rules of Evidence. At this time the Plaintiff has disclosed Robert J. Wiley, The Law Office of Rob Wiley, P.C., 1825 Market Center Blvd. Ste. 385, Dallas, Texas 75207. (214) 528-6500. Mr. Wiley will testify as to the amount of reasonable attorney's fees.

**INTERROGATORY NO. 13:**

Identify each person not previously identified, with knowledge and/or information concerning any of the allegations in the Complaint, including each person's title, if any, and residential address and telephone number, and the issue or matter for which that person is identified.

**RESPONSE:**

Plaintiff has identified all persons he knows which have knowledge of relevant matters in his disclosures and in Interrogatory 1. Plaintiff is therefore unaware of what this request seeks that is separate and apart from those responses.

## INTERROGATORY NO. 14:

Identify all documents or other tangible items that were consulted or relied upon in any manner in answering these Interrogatories.

## RESPONSE:

Plaintiff objects as overbroad, vague, and unduly burdensome. Plaintiff objects and asserts Attorney Client Privilege and Work Product Doctrine. Furthermore, the interrogatory is not relevant, nor likely to lead to the discovery of admissible evidence. Though the request is overbroad and vague, the Plaintiff responds by directing the Defendant to the materials and documents produced by Plaintiff along with these responses and the response to Defendant's Request for Production.

## INTERROGATORY NO. 15:

Identify each and every person who participated in, supplied information for, or was consulted regarding Plaintiff's responses to these Interrogatories.

## RESPONSE:

Plaintiff Michael Estrada, Caitlin Connors (attorney), Justin Manchester (attorney), Casey Ransom (law clerk).

Respectfully submitted,

/s/ *signature*

Robert J. Wiley
Texas Bar No. 24013750
*Board Certified in Labor and Employment Law
by the Texas Board of Legal Specialization*
Caitlin S. Connors
Texas Bar No. 24064124

ROB WILEY, P.C.
1825 Market Center Blvd., Suite 385
Dallas, Texas 75207
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
cconnors@robwiley.com
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the Defendant's attorney of record in accordance with the Federal Rules of Civil Procedure on this the 21st day of September 2012, via first class mail.

Joshua F. Alloy
PROSKAUER ROSE LLP
1001 Pennsylvania Ave, N.W.
Suite 400 South
Washington, DC 20004-2533
 202.416.5876
jalloy@proskauer.com

_____
Caitlin Connors