IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ESTRADA, individually and on behalf of others similarly situated,<br><br>    PLAINTIFF,<br><br>  v.<br><br>MAGUIRE INSURANCE AGENCY, INC.,<br><br>    DEFENDANT. | CIVIL ACTION NO. 12-604<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Robert J. Wiley
Texas Bar No. 24013750
*Board Certified in Labor and Employment Law
by the Texas Board of Legal Specialization*
Jessica Cohen
Texas Bar No. 24082838

ROB WILEY, P.C.
1825 Market Center Blvd., Suite 385
Dallas, Texas 75207
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
jcohen@robwiley.com
ATTORNEYS FOR PLAINTIFFS

# I
# SUMMARY

Despite Defendant's contentions, there is no blanket exemption for claims examiners. Plaintiff does not dispute that claims examiners *can* be exempt from the FLSA. But, the Department of Labor has been clear that the lowest level claims examiners, those who do not engage in independent judgment and discretion, are *not* exempt.

As evidenced by the facts in the record, Plaintiff did not exhibit discretion and independent judgment as a matter of law. In all aspects of performing his job duties, Plaintiff adhered to established procedures and relied on determinations by third parties. Specifically, Plaintiff conducted a rudimentary coverage review by checking the VIN number against the applicable insurance policy. Plaintiff then allocated liability as determined by a strict, employer-approved procedure, which reduced Plaintiff's duties essentially to a checklist. Finally, Plaintiff always obtained a damage estimate and issued payment in the amount of the estimate. As a result, any independent judgment and discretion that Plaintiff's responsibilities may have potentially required was completely circumscribed by these procedures.

Finally, Defendant alleges that Plaintiff did not work over forty hours a week in a workweek during his employment with Defendant. This is incorrect. Plaintiff has provided competent summary judgment evidence demonstrating that on multiple occasions, Plaintiff worked beyond forty hours a week. Therefore, there is no dispute that Plaintiff has worked overtime hours.

---

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT Page— 1

## II
## THE LOWEST LEVEL CLAIMS EXAMINERS, PERFORMING ROUTINE AND MECHNICAL TASKS, ARE SPECIFICALLY DEEMED NOT EXEMPT.

The Department of Labor has instituted a regulation, which classifies most, but not all, claims examiners as exempt. Defendant improperly interprets this position as a blanket exemption. In fact, the Department of Labor has been clear that its regulation pertaining to claims examiners is not a "blanket exemption" for all claims examiners. Wage & Hour Div. Op. Ltr., 2005 WL 330610 (Jan. 7, 2005). Conversely, the regulation "simply provides an illustration of the application of the administrative duties test." Wage & Hour Div. Op. Ltr., 2005 WL 330610 (Jan. 7, 2005). However, as the DOL has made clear in recent opinion letters, the lowest level claims examiners are not exempt. Therefore, if any presumption should apply in this matter, the proper presumption is that claims examiners performing routine tasks, like Plaintiff, are not exempt from the FLSA's overtime provisions.

In drawing this distinction, the Department of Labor has specifically carved out an exception for low level claims examiners performing mechanical and repetitive responsibilities. In fact, the Department of Labor has twice recognized that low-level claims examiners are not exempt. *See* Wage & Hour Div. Op. Ltr., 2005 WL 330610 (Jan. 7, 2005) (holding junior level claims adjusters performing job duties where "all discretion . . . is circumscribed by, and in accordance with, established policies" were not exempt) and Wage and Hour Op. Letter at 1 (Aug. 26, 2005) (holding Claims Examiner I did not exercise discretion and independent

judgment). Clearly, any conclusion that all claims examiners are presumptively exempt is a mischaracterization of the law.

### III
### PLAINTIFF DID NOT EXERCISE DISCRETION OR INDEPENDENT JUDGMENT. PLAINTIFF FOLLOWED AN ESTABLISHED PROCEDURE IN PEFORMING HIS JOB RESPONSIBILITIES THAT ENTIRELY CIRCUMVENTED DISCRETION AND INDEPENDENT JUDGMENT

Like the examiners analyzed in the Department of Labor's opinion letters, Plaintiff did not exercise discretion or independent judgment in performing his job duties. Rather, Plaintiff adhered to a very specific procedure, which reduced his job responsibilities essentially to a checklist.

**A.  Plaintiff conducted a rudimentary coverage review that did not require discretion or independent judgment.**

When Plaintiff first received a claim, he would conduct a rudimentary form of "coverage review," by merely checking the vehicle's VIN number against the VIN number listed in the written insurance policy. [Doc. 42, p. 10]. If for any reason the matter was more complicated or it otherwise could not be determined whether the vehicle in the accident was covered by the policy, Plaintiff would receive instruction from his supervisor as to the proper way to proceed. *Id*. Undisputedly, checking whether a vehicle's VIN number is listed on a policy does not entail discretion and independent judgment.

**B.  Plaintiff adhered to an established procedure in allocating liability.**

Plaintiff would next allocate liability based on a predetermined checklist of circumstances. Plaintiff would contact the parties involved, which usually resulted

in the insured admitting fault. *Id*. at 11. If the insured denied fault, Plaintiff would rely on the liability determination in the police report. *Id*. Plaintiff would always request the police report if there was one, and there generally was a police report, because Fast Track claims pertained to commercial insurance. *Id*. at pp. 11-12. In the rare event that there was no police report, Plaintiff would contact independent witnesses. *Id*. at 12. Plaintiff would hold in favor of whichever version was corroborated by the witness. *Id*. If there was neither a police report nor any witnesses, Plaintiff sided with the insured. *Id*. If for any reason, allocating liability required a deviation from this established process or was otherwise more complicated, Plaintiff would seek advisement and direction from his supervisor. *Id*. at 12-13. For instance, if there was a comparative negligence issue present, Plaintiff sought advisement and direction from his supervisor. *Id* at 13. Any independent discretion or judgment Plaintiff's duties may theoretically, in other circumstances, have entailed was entirely displaced by the established procedure to which Plaintiff adhered.

C.  **Plaintiff consistently used appraisers and issued payment in the amount determined by the appraisers' estimates.**

Similarly, Plaintiff did not exhibit independent judgment or discretion with respect to the valuation and payment of claims. In almost every claim, Plaintiff used an appraiser, even if the damage was minor. [Doc. 42, p. 13]. In some circumstances, the claimant would instead seek an estimate from a body shop. *Id*. at 13-14. However, whether the estimate came from the body shop or an

independent appraiser, Plaintiff would issue payment in the amount listed on the estimate. *Id*. at 14. Thus, Plaintiff did not negotiate the price of repairs, or the appraiser's estimate. *Id*. Further, the appraiser, and not Plaintiff, would make total loss determinations. *Id*. If, for any reason, the claims become more complicated or required additional processing in any manner, Plaintiff sought direction and approval from his supervisor for processing the claim. *Id*. at 15. Following this prescribed process does not exhibit independent judgment or discretion.

IV
PLAINTIFF INDISPUTABLY WORKED OVERTIME DURING THE COURSE OF HIS EMPLOYMENT WITH DEFENDANT

Defendant contends that Plaintiff cannot establish that he worked over forty hours per week during his employment with Defendant. [Doc 44, p. 30]. However, the evidence in the record clearly demonstrates that Plaintiff did in fact work at least forty (40) hours in a workweek on multiple occasions. For example, the following table was created using the ImageRight and APPS time records produced by Defendant during discovery:

|  | **DATE** | **FIRST ENTRY (APPS)** | **LAST ENTRY (IMAGE RIGHT)** |
|---|---|---|---|
| **WEEK 1** | 11/16/09 | 8:24 AM | 5:47:51 PM |
|  | 11/17/09 | 8:16 AM | 5:30:02 PM |
|  | 11/18/09 | 8:20 AM | 5:53:05 PM |
|  | 11/19/09 | 8:24 AM | 4:36:24 PM |
|  | 11/20/09 | 8:21 AM | 5:25:20 PM |
|  |  | **Total Hours** | **45 hours and 26 minutes** |
| **WEEK 2** | 2/1/10 | 8:25 AM | 5:52:01 PM |
|  | 2/2/10 | 8:18 AM | 5:40:26 PM |
|  | 2/3/10 | 8:18 AM | 5:18:57 PM |
|  | 2/4/10 | 8:16 AM | 5:56:37 PM |

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT Page— 5

|  | 2/5/10 | 8:18 AM | 5:30:50 PM |
|---|---|---|---|
|  |  | Total Hours | 46 hours and 41 minutes |
| **WEEK 3** | 2/22/10 | 8:20 AM | 5:47:03 PM |
|  | 2/23/10 | 8:50 AM | 5:50:12 PM |
|  | 2/24/10 | 8:15 AM | 5:37:02 PM |
|  | 2/25/10 | 8:16 AM | 5:41:36 PM |
|  | 2/26/10 | 8:21 AM | 5:05:14 PM |
|  |  | Total Hours | 45 hours and 58 minutes |
| **WEEK 4** | 3/8/10 | 8:19 AM | 5:09:40 PM |
|  | 3/9/10 | 8:15 AM | 5:51:21 PM |
|  | 3/10/10 | 8:19 AM | 6:02:05 PM |
|  | 3/11/10 | 8:21 AM | 5:34:29 PM |
|  | 3/12/10 | 8:17 AM | 5:23:43 PM |
|  |  | Total Hours | 46 hours and 28 minutes |

[Doc. 42, p. 31] and [Doc. 42-C-1 through Doc. 42-F-2].

Clearly, Plaintiff worked at least forty hours on numerous occasions.

V
CONCLUSION

Defendant is incorrect that a presumption exempts all claims examiners from the FLSA's overtime provisions. Furthermore, Plaintiff did not exercise independent judgment and discretion. Finally, Plaintiff did indisputably work overtime hours and therefore Plaintiff's Motion for Summary Judgment should be granted.

Respectfully submitted,

*/s/ Jessica Cohen*
ROBERT J. WILEY
Texas Bar No. 24013750
Board Certified in Labor & Employment
Law, Texas Board of Legal Specialization
Jessica Cohen
Texas Bar Number 24082838

Law Office of Rob Wiley, P.C.
1825 Market Center Blvd., Ste. 385
Dallas, TX 75207
Telephone:  (214) 528-6500
Facsimile:  (214) 528-6511
jcohen@robwiley.com
www.robwiley.com
Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I certify that on February 14, 2013, I served a copy of the foregoing on opposing counsel via the Courts' CM/ECF system.

*/s/ Jessica Cohen*