IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ESTRADA, individually and on behalf of others similarly situated,<br><br>    PLAINTIFF,<br><br>    v.<br><br>MAGUIRE INSURANCE AGENCY, INC.,<br><br>    DEFENDANT. | CIVIL ACTION NO. 12-604<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE**

Robert J. Wiley
Texas Bar No. 24013750
*Board Certified in Labor and Employment Law*
*by the Texas Board of Legal Specialization*
Jessica Cohen
Texas Bar No. 24082838

ROB WILEY, P.C.
1825 Market Center Blvd., Suite 385
Dallas, Texas 75207
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
jcohen@robwiley.com
ATTORNEYS FOR PLAINTIFFS

# I
# SUMMARY

Defendant's Opposition to Plaintiff's Second Motion for Conditional Class Certification improperly concludes that a heightened standard is appropriate when the parties have engaged in some discovery. While some circuits have held that an intermediate standard is applicable, the Third Circuit is not one of them. In the Third Circuit, even if some discovery has taken place, a two-tiered approach for conditional class certification applies. *Mueller v. CBS, Inc.*, 201 F.R.D. 425, 429 (W.D. Pa. 2001). At this initial stage, Plaintiff need only demonstrate a "modest factual showing" that conditional class certification is appropriate.

Plaintiff has met this burden by providing competent evidence in its Second Motion for Conditional Class Certification, detailing how Plaintiff is similarly situated to other Fast Track Claims Examiners. The class is narrowly tailored and in fact is already enumerated by Defendant in its own claims metrics reports, which Defendant has maintained for the relevant period. Furthermore, the Fast Track Claims Examiners all performed similar job duties in the same way.

Finally, Defendant's opposition is unpersuasive, as despite the fact that Defendant clearly has contact information for all of the other claims examiners employed by Defendant, Defendant has not put forth a single affidavit contradicting Plaintiff's account of the Fast Track Claims Examiners' job duties. Instead, Defendant relies on the testimony of its corporate representative, who, unlike

Plaintiff, has never personally processed the Fast Track claims or worked alongside other Fast Track Claims Examiners.

## II
## DEFENDANT INCORRECTLY ARGUES THAT A HEIGHTENED STANDARD APPLIES.  IN FACT, PLAINTIFF NEED ONLY DEMONSTRATE A "MODEST FACTUAL SHOWING" AT THE NOTICE STAGE.

Defendant argues that because limited discovery has taken place, that Plaintiff must meet a heightened standard in order to demonstrate the appropriateness of conditional class certification.  [Doc. 43 at pp. 9-12].  This is simply incorrect.  In the Third Circuit, limited discovery does not alter the appropriate standard.  Therefore, Defendant's reliance on decisions from other circuits is unpersuasive.  Further, the limited scope of the discovery taken in this case is underscored by the fact that Defendant repeatedly objected to and refused to produce relevant information pertaining to other class members during the discovery period.

**A.     The Third Circuit recognizes limited discovery does not alter the appropriate conditional class certification standard.**

In the Third Circuit, the fact that some discovery has taken place does not affect the appropriate standard for determining whether a putative class should be conditionally certified.  *Mueller v. CBS, Inc.*, 201 F.R.D. 425, 429 (W.D. Pa. 2001).[1] In fact, in *Mueller v. CBS*, the District Court affirmatively rejected the defendant's argument that because the parties were at a "post-discovery stage," a "more

---

[1] *Mueller* pertained to an age discrimination claim under the ADEA, which incorporates § 216(b) of the FLSA for conditional class certification purposes. *Mueller v. CBS, Inc.*, 201 F.R.D. 425, 427 (W.D. Pa. 2001).

stringent 'similarly situated' standard" applied. *Id*. In so holding, the court only required the plaintiff to demonstrate "a sufficient factual basis on which a reasonable inference could be made that defendant[ ] orchestrated or implemented a single decision, policy, or plan" with respect to its employees, despite the fact that discovery had taken place. *Id*.

In fact, the only case that Defendant cites from the Third Circuit in support of its contention that a heightened standard applies, affirmatively rejects the application of a heightened standard. In *Villanueva-Bazaldua v. TruGreen Ltd. Partners*, the District Court of Delaware discussed the varying standards applied for conditional class certification in different circuits. 479 F.Supp. 2d 411, 415 (D. Del. 2007). The court first explained that some courts use a two-step process, where the initial phase requires "some factual showing." *Id*. Others, the court noted, "have adopted an intermediate approach to the 'similarly situated' inquiry when the parties voluntarily engage in discovery prior to a decision on conditional certification." *Id*. Importantly, immediately following this statement, cited by Defendant in support of its proposition that a higher standard applies, the court *rejected* the intermediate approach, opting to instead proceed with the two-phase approach presented by Plaintiff in its Motion. *Id*. at 415 ("In light of the procedural posture of this case, this court will join its colleagues who require some factual showing that the similarly-situated requirement is satisfied").

---

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE Page— 3

**B.     Defendant's refusal to produce substantial evidence relating to the putative class is demonstrative of the limited scope of the discovery the parties have undertaken.**

The discovery in which the parties engaged was particularly limited in scope, as Defendant refused to respond to several of Plaintiff's requests, because Defendant argued the information requested was outside of the scope of the discovery ordered by this Court. [Doc. 37-2]  Furthermore, Defendant's counsel objected to and Defendant's corporate representative could not or would not respond to, several of Plaintiff's questions during the Rule 30(b)(6) deposition on this same basis.[2]  [Doc. 37-3]  Clearly, based on Defendant's actions, Defendant has conceded that the discovery undertaken thus far by the parties has been severely limited in substantial ways.  Based on the Third Circuit's two-tiered approach, a heightened standard would not apply in general.  However, in light of how limited the discovery effectively was, a heightened standard would not be applicable regardless.

---

[2] Defendant refused to disclose any information about other potential class members even when provided the opportunity to use code names, initials or any other fictional identification:

```
 22      Q    Can you give me a nickname or code name or
 23   someway we can start discussing those individuals to
 24   see how they might not be similar to Mr. Estrada?
 25      A    You know, I would be talking about

00172
  1        W. BENECKE
  2   generally knowing that it's happening within the
  3   department, but not knowing exactly what examiners
  4   are doing it, not being their immediate supervisors
  5   and not knowing their skill-set and what the
  6   supervisors has determined to be their capabilities.
  7   I would be speculating on individuals and names.
```

[Doc. 36-3, 171:22-172:7].

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE Page— 4

## III
## PLAINTIFF PROVIDED COMPETENT EVIDENCE TO DEMONSTRATE A "MODEST FACTUAL SHOWING" THAT PLAINTIFF AND A NARROWLY TAILORED CLASS OF OTHER FAST TRACK CLAIMS EXAMINERS ARE SIMILARLY SITUATED.

**A.    The putative class is limited in scope and easily identifiable.**

In the course of discovery, Defendant produced claims metrics reports, which categorized Defendant's claims examiners into various groups. [Doc 43-1]. One such group created by Defendant was the Fast Track Auto group. *Id*. Under this subsection, Defendant has already compiled the names of the claims examiners assigned to the Fast Track Group, though Defendant redacted the actual names in discovery. *Id*. This claims metrics report was created daily and maintained by Defendant. [Doc. 36-1]. Therefore, the list of the putative class members could be easily generated without great, or even any, burden to Defendant.

Furthermore, the claims metrics report demonstrates that the class is narrowly tailored, consisting of only a small subsection of Defendant's population of claims examiners. Based on the metrics reports produced by Defendant, Plaintiff estimates that over the course of the relevant period, the class would consist of, at most, sixty (60) potential members. This directly contrasts with many of the cases cited by Defendant where plaintiffs sought nationwide certification of an overly broad class of potential opt-ins. *See e.g. Bramble v. Wal-Mart Stores, Inc.*, No. Civ. A. 09-4932, 2011 WL 1389510 (E.D. Pa. Apr. 12, 2011) (seeking nationwide certification of Asset Protection Coordinators); *Gillen v. Marshall's of MA, Inc.*, 841 F. Supp. 2d 797, 800 (S.D.N.Y. 2012) (seeking nationwide certification across

approximately 830 Marshall's stores); *Harriel v. Wal-Mart Stores, Inc.*, No. Civ A. 11-2510 (MLC), 2012 U.S. Dist. LEXIS 97527 (D.N.J. July 13, 2012) (seeking certification of class of approximately 1,625 employees).

B.  **The putative class members all performed the same job duties in the same manner.**

Fast Track Claims Examiners all handled Fast Track claims, which, by definition, did not include bodily injury. [Doc. 36-1, 146:7-11]. The claims examiners used the same computer software in carrying out their duties, and were subject to the same job descriptions, claims handling guidelines, and performance evaluation standards. [Doc. 36, pp. 7-10]. Plaintiff has provided a detailed account of how the Fast Track xlaims were processed, in accord with a strict procedure. [Doc. 38, pp. 10-15]. Based on Plaintiff's experience as a Fast Track Claims Examiner, this is the same process that other claims examiners followed and is representative of the Fast Track Claims position. [Doc. 36, pp. 6-10]. All of the Fast Track Claims Examiners were paid by salary, and none of them were paid overtime for the hours they worked. [Doc. 38, pp. 10-11]. Finally, Plaintiff and the similarly situated claims examiners all worked overtime. [Doc. 38, p. 10]. In fact, on several occasions, Plaintiff would see other claims examiners at the office after hours and over the weekend. [Doc 36-2, 148:9-21].

## IV
### DEFENDANT DISINGENUOUSLY CRITICIZES PLAINTIFF FOR RELYING ON PLAINTIFF'S DEPOSITION TESTIMONY AND DECLARACTION; DEFENDANT RELIES ALMOST EXCLUSIVELY ON ITS OWN CORPORATE REPRESENTATIVE'S DEPOSITION TESTIMONY AND DECLARATION.

Defendant contends that Plaintiff's evidence is insufficient to demonstrate the putative class is a similarly situated class because Plaintiff relies on Plaintiff's testimony through Plaintiff's deposition and declaration. However, in criticizing Plaintiff's evidence, Defendant relies almost exclusively on the same type of evidence through its corporate representative's deposition and declaration. *See* [Doc. 43 *generally*]. Such a position is inconsistent and unpersuasive.

Further, Defendant relies on cases in which defendants have produced several affidavits disputing the plaintiffs' claims. For instance, Defendant relies on *Khan v. Airport Mgmt. Servs., LLC*, several times to purportedly demonstrate the insufficiency of Plaintiff's evidence. [Doc. 43, pp. 15, 17, and 22]. No. 10 Civ. 7735 NRB, 2011 WL 5597371 (S.D.N.Y. Nov. 16, 2011). However, *Khan* is remarkably different from the present matter. In *Khan*, the plaintiff alleged that approximately forty or more other similarly situated individuals were hired by the employer as managers and improperly did not receive overtime wages. *Id.* at *3. In opposition to the plaintiff's motion for conditional class certification, the defendant submitted "twenty-three declarations from individuals of various managerial titles employed at Hudson locations across the country," contradicting the plaintiff's allegations. *Id.* at *4 (emphasis added). In fact, three of the declarations submitted by the defendant were from the very individuals specifically named by the plaintiff as

---
PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE Page— 7

similarly situated employees. *Id.  See also, Bramble v. Wal-Mart Stores, Inc.*, No. Civ. A. 09-4932, 2011 WL 1389510, *2 (E.D. Pa. Apr. 12, 2011) (similarly denying class certification where defendant presented twenty three declarations in opposition to plaintiff's motion).  Conversely, in the present matter, the Defendant has not submitted a single affidavit from a claims examiner at Defendant's company contradicting Plaintiff's account as to how Fast Track claims were processed.

Plaintiff's is the only testimony on the record of a person who actually worked as a Fast Track Claims Examiner and worked alongside other Fast Track Claims Examiners.  Conversely, Defendant's representative is an executive in Defendant's corporation and does not even oversee the particular proposed members of the putative class.  Therefore, Plaintiff, and not Defendant's corporate representative, would be in the best position to describe and account for the types of job duties of claims examiners and types of similarities between the putative class members.

## V
## CONCLUSION

Defendant is incorrect that a heightened standard would apply in this matter, particularly in light of the strict limitations Defendant imposed in the discovery period.  Furthermore, Plaintiff has provided competent evidence demonstrating a modest factual showing.  Finally, despite any contrary assertions by Defendant, Plaintiff has met the "modest factual showing" required to warrant granting conditional class certification and judicial notice.

Respectfully submitted,

*/s/ Jessica Cohen*
ROBERT J. WILEY
Texas Bar No. 24013750
Board Certified in Labor & Employment
Law, Texas Board of Legal Specialization
Jessica Cohen
Texas Bar Number 24082838

Law Office of Rob Wiley, P.C.
1825 Market Center Blvd., Ste. 385
Dallas, TX 75207
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
jcohen@robwiley.com
www.robwiley.com
Attorneys for Plaintiffs


CERTIFICATE OF SERVICE

I certify that on February 14, 2013, I served a copy of the foregoing on opposing counsel via the Courts' CM/ECF system.

*/s/ Jessica Cohen*