**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL ESTRADA, individually and on behalf of others similarly situated, | ) ) ) | CIVIL ACTION NO. 12-604 |
| | ) | |
| Plaintiff, | ) | FILED ELECTRONICALLY |
| | ) | |
| v. | ) | |
| | ) | |
| MAGUIRE INSURANCE AGENCY, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>DEFENDANT'S NOTICE OF RECENT SUPPLEMENTAL AUTHORITY</u>

Defendant hereby provides this Court with notice of recent supplemental authority in light of the parties' currently pending motions, including Plaintiff's pending motion for conditional certification under the Fair Labor Standards Act ("FLSA").

The U.S. Supreme Court recently vacated class certification of cable consumers' antitrust suit against Comcast Corp. in <u>Comcast Corp., et al. v. Behrend, et al.</u>, 569 U.S. __ (2013), reinforcing current precedent that "[t]he class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only."[1] Slip op. at 5. Although <u>Comcast</u> arose in the Rule 23 context, the decision provides guidance on the rigorous standard that should be used for class certification, including, Defendant believes, for cases – like this one - that arise under the FLSA following extensive discovery.  In particular, the Court's ruling makes clear that damages must be provable on a class-wide basis, and that class

---

[1] A copy of that opinion (hereafter, "Slip op.") is attached hereto as Exhibit A.

certification is not appropriate where, like here, individual damages calculations would overwhelm questions common to the class at trial.

Less than one week after its Comcast decision, the Supreme Court granted a petition for writ of *certiorari* in RBS Citizens, N.A. (d/b/a Charter One), et al. v. Synthia G. Ross, et al., No. 12-165, and made clear that Comcast applies equally to wage and hour actions. Ross involved claims for unpaid wages arising under Illinois law in which two classes had been certified - one class of exempt employees claiming they had been misclassified and were entitled to overtime, and one class of non-exempt employees claiming they had not been paid for "off-the-clock" work. The plaintiffs had also brought claims under the FLSA, but issues concerning collective certification have not reached the appellate level and were not raised by the petition. The Supreme Court vacated the judgment of the United States Court of Appeals for the Seventh Circuit affirming class certification in Ross and remanded the certification decision to the Court of Appeals "for further consideration in light of Comcast Corp., et al. v. Behrend, et al., 569 U.S. __ (2013)."[2]

Finally, the Seventh Circuit Court of Appeals (J. Posner) recently held that the more stringent Rule 23 standard for class certification applies with equal force to claims under the FLSA. Espenscheid v. DirectSat USA, LLC, 705 F.3d 770 (7th Cir. Feb. 4, 2013).[3] The Court held that there is simply no good reason to have different standards for the certification of the two different types of action. Id. Under the rigorous standard espoused in DirectSat (and now Comcast and Ross), the Seventh Circuit affirmed the decertification of a hybrid Rule 23 and FLSA § 216(b) class action, finding that the named plaintiffs failed to provide a viable trial plan

---

[2] A copy of the order is attached hereto as Exhibit B.

[3] A copy of that opinion is attached hereto as Exhibit C.

demonstrating their ability to establish the merits of all class members' claims, or calculation of all class members' damages, with common evidence at trial.  Id.

Here, Plaintiff's alleged damages (and the alleged damages of any other members of the putative class) are not calculable on a class-wide basis, but are, in fact, highly individualized. Even assuming, *arguendo*, that Plaintiff could establish that he was misclassified as exempt from overtime and could further establish that other claims examiners were "similarly situated" to him (which, as Defendant sets forth in its motion for summary judgment and opposition to conditional certification, he cannot), the issue of alleged damages presents a number of problems that would make determining class member damages impossible with common evidence at trial.

These problems include, but are not limited to: (i) Plaintiff's claim that he worked unscheduled and unreported hours "off the clock" for which there is no evidence that any other putative class members worked, and which would require individualized testimony to determine whether any other putative class members allege working unrecorded off-the-clock hours; (ii) the necessity to analyze Plaintiff's (and any other opt-in plaintiffs') individual log-in and log-out records, and claims notes, to determine how many hours he or she actually worked each week in the office; and (iii) the necessity to analyze Plaintiff's (and any other opt-in plaintiffs') individual e-mail history to determine how much, if any, time he or she spent per night and week performing work outside of regularly scheduled hours.

For these reasons, Defendant believes that the decisions and rulings in Comcast, Ross, and DirectSat are directly relevant to Plaintiff's currently pending motion for FLSA conditional certification and support denial of that motion.

Dated: New York, New York
      April 24, 2013

PROSKAUER ROSE LLP

/s/ Joshua F. Alloy

Elise M. Bloom (*pro hac vice*)
Eleven Times Square
New York, NY 10036-8299
(212) 969-3000
ebloom@proskauer.com

Joshua F. Alloy (*pro hac vice*)
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, D.C. 20004
(202) 416-5876
jalloy@proskauer.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on April 24, 2013, a true copy of the foregoing was filed through the Court's electronic filing system (ECF) and was served upon all attorneys of record for each other party to this action through operation of such system.  It is available for viewing and downloading through the ECF system.

_/s/ Joshua F. Alloy_

Joshua F. Alloy
